

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*

*1 Courthouse Way*
*Boston, Massachusetts 02210*

March 2, 2005

Jonathan Shapiro, Esq.
90 Canal Street
Boston, MA 02114

>     Re:  <u>United States v. Severin Yelaun</u>,
>          Criminal No. 05-10010-NMG

Dear Sir:

Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.   <u>Rule 16 Materials</u>

1.   <u>Statements of Defendant under Rule 16 (a)(1)(A)</u>

    a.   <u>Written Statements</u>

Enclosed are the following relevant written statements made by the defendant in the possession, custody or control of the government, the existence of which is known to the attorney for the government:

Please see the Arrest Report dated January 21, 2005 along with Report of Investigation dated January 20, 2005 from the IRS along with a copy of <u>Miranda</u> Advice of Rights form signed by your client.

    b.   <u>Recorded Statements</u>

There are no relevant recorded statements of the defendant in the possession, custody or control of the government, which are known to the attorney for the government.

    c.   <u>Grand Jury Testimony of the Defendant</u>

The defendant did not testify before a grand jury in relation to this case.

    d.   Oral Statements to Then Known Government Agents

Pursuant to the Order fo the Magistrate Judge of February 22, 2005, only a defendant's own statements are being provided at this time.  The following documents are enclosed:

FBI 302 report dated May 9, 2001 (4 pages)
FBI 302 report dated May 22, 2001 (4 pages)

2.   Defendant's Prior Record under Rule 16 (a)(1)(B)

Enclosed is a copy of the defendant's prior criminal record.

3.   Documents and Tangible Objects under Rule 16(a)(1)(C)

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

4.   Reports of Examinations and Tests under Rule 16 (a)(1)(D)

As of this date, the government has not requested nor received any reports of examinations in connection with the alleged injuries sustained by individuals in connection with the fraudulent billings that are the subject of the indictment in this case.  However, on review of the files of these claims, you will note that some were the subject of independent medical review, and alleged tests and examinations are at the heart of the allegations in the indictment.  Thus, other than as stated herein, there presently are no reports of physical or mental examinations or scientific tests or experiments made in connection with this case.

B.   Search Materials under Local Rule 116.1(C)(1)(b)

No searches were conducted or search warrants were obtained in connection with investigation of the charges contained in the indictment in this case.

C.   Electronic Surveillance under Local Rule 116.1(C)(1)(c)

     No oral, wire, or electronic communications of the defendant
as defined in 18 U.S.C. § 2510 were intercepted relating to the
charges in the indictment.

D.   Consensual Interceptions under Local Rule 116.1(C)(1)(d)

     There were no interceptions (as the term "intercept" is
defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic
communications relating to the charges contained in the
indictment, made with the consent of one of the parties to the
communication in which the defendant was intercepted or which the
government intends to offer as evidence in its case-in-chief.

E.   Unindicted Cocomspirators under Local Rule 116.1(C)(1)(e)

     The names of known unindicted cocospirators as to the
conspiracies charged in the indictment will be set forth in a
separate letter to defense counsel, that will be filed under seal
with the court.

F.   Identifications under Local Rule 116.1(C)(1)(f)

     Enclosed please find copies of photographs of the defendants
that were used while questioning witnesses during the grand jury
proceedings and witness interviews.

G.   Exculpatory Evidence Under Local Rule 116.2(B)(1)

     With respect to the government's obligation under Local Rule
116.2(B)(1) to produce "exculpatory evidence" as that term is
defined in Local Rule 116.2(A), the government states as follows:

     1.   The government is unaware of any information that would
tend directly to negate the defendant's guilt concerning any
count in the indictment.

     2.   The government is unaware of any information that would
cast doubt on the admissibility of evidence that the government
anticipates offering in its case-in-chief and that could be
subject to a motion to suppress or exclude.

     3.   The following promises, rewards, or inducements have
been given to a witness whom the government anticipates calling
in its case-in-chief: Dr. Ranendra Chatterjee signed a plea and
cooperation agreement with the United States. Please find copies
of Chatterjee Information/Superseding, Plea Agreement and Order

3

of Commitment.

4.   Other than the witness identified in the previous paragraph who pleaded guilty to health care fraud, at this time, the government is unaware that any of its named case-in-chief witnesses have any criminal record.

5.   At this time, the government is unaware that any of its named case-in-chief witnesses have any criminal cases pending.

6.   No named percipient witnesses failed to make a positive identification of a defendant with respect to the crimes at issue.  (However, not every "patient" who purportedly was treated by one or more of the defendants or at their clinics was able to identify that defendant.)

H.   Other Matters

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

Please call the undersigned Assistant U.S. Attorneys at 617-748-3130 if you have any questions.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:

/s/ JAMES J. MCGOVERN
JAMES J. MCGOVERN
WILLIAM WEINREB
JEFFREY AUERHAHN
Assistant U.S. Attorneys

enclosures

cc:  Rex Brown, Clerk to the
     Honorable Joyce London Alexander

4

United States Magistrate Judge
(w/o enclosures)