UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                       )
UNITED STATES          )
                       )
    v.                 )
                       )        No. 05CR10010-NMG
SEVERIN YELAUN         )
                       )
_____)
```

### DEFENDANT SEVERIN YELAUN'S MOTION IN LIMINE
### TO PRECLUDE TESTIMONY BY GOVERNMENT'S EXPERT WITNESSES

Defendant Severin Yelaun hereby moves this Court to preclude the government from calling any expert witnesses during its case-in-chief at trial.

In support of this motion, defendant states:

1. In the Government's Opposition to Motions to Sever by Defendants Montoni, Yelaun and Moseyev (Docket #56, filed 3/23/06), the government stated that its evidence at trial "will consist primarily of civilian and expert witness testimony and of documents that will need to be shown and explained to the jury." In that same document, the government further explained that it "will offer evidence about when the tests in question are actually medically necessary and about how they are performed and who may prescribe, perform and certify them." Government's Opposition to Motions to Sever, p. 3.

2. On March 31, 2006, defendant mailed the government a written request for discovery concerning the government's expert

witnesses. (See Attachment A, hereto). Specifically, defendant requested that, pursuant to Fed. R. Cr. P. 16(a)(1)(G), the government disclose:

- the names and addresses of all expert witnesses the government intends to call during its case-in-chief;

- each witness's expert qualifications; and

- a written summary of any expert testimony the government intends to offer which includes each witness's opinions, the bases and reasons for those opinions, the identity of the patients about whom each expert witness will testify and the documents that each expert witness will show or explain to the jury.

3. Although the discovery request was sent to the government five months ago, defense counsel have received no response to this letter.

4. On May 5, 2006, pursuant to Local Rule 116.3(A), defense counsel mailed the government a written request for particularized information concerning the nature of the fraud alleged in the above indictment. (See Attachment B, hereto). Specifically, defense counsel requested that the government identify which of the thirty-eight patients named in the indictment allegedly had EMG/NCV testing that was not medically necessary according t o the government. In its discovery letter, defense counsel advised the government, "without the requested information, defense counsel are unable to determine which patient files should be reviewed by a medical expert." (See Attachment B).

2

5. To date, defense counsel have received no response to this discovery letter.

6. Motions in limine are scheduled to be filed by September 6, 2006. The trial is scheduled for October 10, 2006.

7. Should defense counsel receive expert discovery between now and the trial date, they will not have time to review the government's submission, determine the defendant's need for expert witnesses, locate the appropriate experts, provide the experts with the discovery material, and prepare the experts to testify.

8. Defendant is entitled to the timely production of expert witness discovery pursuant to Fed. R. Crim. P. 116.3(A). No expert discovery material whatsoever has been received to date.

Wherefore, the government should be precluded from calling any expert witnesses.

Respectfully submitted,

/s/ Patricia Garin
Jonathan Shapiro
BBO No. 454220
Patricia Garin
BBO No. 544770
Jeffrey Wiesner
BBO No. 655814
Stern, Shapiro, Weissberg
 & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022
(617) 742-5800

Dated: September 6, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on 9/6/06 .

/s/ Patricia Garin

G:\SSWG\YELAUN\Motion to Preclude Testimony by Gov Experts.wpd

# ATTACHMENT A



**STERN
SHAPIRO
WEISSBERG
& GARIN** LLP
attorneys at law

Max D. Stern
Jonathan Shapiro
Lynn G. Weissberg
Patricia Garin
Martin E. Levin
Kenneth M. Resnik
Lillian Hirales
Alexandra H. Deal

March 31, 2006

William Weinreb
Assistant United States Attorney
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

     Re: <u>United States v. Severin Yelaun</u>

Dear Mr. Weinreb:

  In the Government's Opposition to Motions to Sever by Defendants Montori, Yelaun, and Moyseyev (Document 56-filed 3/23/06), you stated that the government's evidence at trial "will consist primarily of civilian and expert witness testimony and of documents that will need to be shown and explained to the jury." You further explained that the government "will offer evidence about when the tests in question are actually medically necessary and about how they are performed and who may prescribe, perform, and certify them." (Gov't memo., p.3).

  This is to request that, pursuant to Fed. R. Cr. P. 16 (a)(1)(g), you disclose to defendant the names and addresses of all expert witnesses the government intends to call during its case-in-chief at trial. Additionally, please provide defendant with a written summary of any expert testimony the government intends to offer. In accordance with the Rule, this summary must describe each witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. Please include in each witness's summary the identity of the patients about whom each witness will testify and please identify the documents that the witness will show to the jury or explain to the jury. Finally, please provide a copy of each witness's curriculum vitae.

  Thank you.

            Very truly yours,

            Patricia Garin

c.c. Neil Faigel w/o attachments
  James E. McCall w/o attachments
  Murray P. Reisure w/o attachments
PG/tw

G:\SSWG\YELAUN\Weinreb.L1.wpd

# ATTACHMENT B



**STERN**
**SHAPIRO**
**WEISSBERG**
**& GARIN** LLP
attorneys at law

Max D. Stern
Jonathan Shapiro
Lynn G. Weissberg
Patricia Garin
Martin E. Levin
Kenneth M. Resnik
Lillian Hirales
Alexandra H. Deal

May 5, 2006

William Weinreb
Assistant United States Attorney
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

Re:   United States v. Severin Yelaun

Dear Mr. Weinreb:

This is to request that the government, pursuant to Local Rule 116.3(E), provide defense counsel with particularized information concerning the nature of the crimes alleged in the above indictment.

The indictment alleges fraudulent activity by defendants with respect to thirty-eight patients who received treatment at either Global Tech or Lynn Diagnostics. As set forth below, because of the wording of the indictment, it is impossible for defense counsel to understand whether the government is alleging 1) that the medical procedure prescribed was not medically necessary; or 2) that the prescribed procedure was never done at all; or 3) that the prescribed procedure was performed improperly, or 4) that the test was performed by someone other than the person whose signature was on the report.

For example, with respect to sixteen patients named in the indictment[1], the allegation is "the EMG tests were not done on [name] as represented by the documents." Does this mean the EMG test was never done or that the test was done, but not by the person who signed the report? Is the government alleging that the test was done but it was not medically necessary, contrary to the documents in the file? Does this mean there are no accusations concerning the NCV test?

---

[1] Miguel Berrios, Inna Shtyrkov, Martha Casco, Wynter Plunkett, Jose Grullon, Claudia Batia, Quelvis Mendez, Stefanie Martinez, Secundio Reyes, Carmen Marmolejos, John Fusi, Donnie Lago, William Baez, Yudelca Castillo, Elsie Pierre Louis, and Evelio Valiente.

William Weinreb
May 5, 2006
Page 2

With respect to nine of the patients named in the indictment[2], the allegation is "the testing was never done on [name] as represented in the report." Again, is the government alleging that no testing was ever done? Does this include both the EMG tests and the NCV tests? Is the government only alleging that the testing, although performed, was not done by the person who signed the report?

With respect to eleven patients named in the indictment[3], there is no accusation at all concerning whether the test was done. The allegations in the indictment are that a particular insurance company was billed "for EMG and NCV testing purportedly conducted on [name]." What is the fraud in these cases?

With respect to one patient, Serena Dos, the indictment provides that "Serena Dos was not given the [EMG and NCV] tests as described." Again, we are unable to determine whether the government is alleging that she was not given the test at all or whether there is some other claim of fraud.

Finally, for one patient, Wanda Gonzales, the accusation is that "the EMG tests were not done on Wanda Gonzales." Is the government alleging any fraud or wrongdoing on the part of defendant Yelaun with respect to Ms. Gonzales' NCV testing? (The indictment describes Lynn Diagnostics billing Arbella Insurance for "NCV and EMG testing purportedly conducted?"

You have informed us that the government will be calling medical experts at the trial of the case. Without the requested information, defense counsel are unable to determine which patient files should be reviewed by a medical expert. We need to know the nature of the fraud alleged with respect to each of the thirty-eight patients in order to prepare this case for trial and to evaluate any plea offers.

Thank you.

Very truly yours,

Patricia Garin

cc: Neil Faigel, Esq.
    James McCall, Esq.
    Frederick McAlary, Esq.

---

[2] Christopher Zambrano, Juan Agosto, Maria Lizardi, Hermina Martinez, Michelle Mulley, George Rossi, Maria Rossi, Juan Suazo, and Ovidio Merida,

[3] Paul Musaelyants, Raisa Tkach, Gale Famolari, Ada Mateo, Yicauri Rodrigues, Julie Leyfer, Elvira Gomez, Gonzalo Robles, Viktoria Tkach, Nerkis Moreno, and Nancy Solano.