UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                       )
UNITED STATES          )
                       )
     v.                )
                       )        No. 05CR10010-NMG
SEVERIN YELAUN         )
                       )
_____)
```

**DEFENDANT SEVERIN YELAUN'S**
**MOTION TO CONTINUE THE TRIAL DATE**

Defendant Severin Yelaun hereby moves this Court to continue the trial date in this case from October 10, 2006, to a date after November 13, 2006.  In support of this motion defendant states:

1.  The undersigned defense counsel, Jonathan Shapiro, is scheduled to begin a first degree murder trial in Suffolk Superior Court on Monday, September 25, 2006.  The case, Commonwealth v. Dagoberto Sanchez, No. SUCR2005-10545, will be tried before Judge Thomas Connolly and is expected to last one and a half weeks, or until approximately Thursday, October 5, 2006.

2.  The instant case is scheduled to begin on October 10, 2006.

3.  On September 13 and 14, 2006, the government produced over 1,500 pages of grand jury transcripts and FBI 302s. Undersigned counsel has not yet completed his review of this

recently produced material. His next two weeks, however, will be devoted exclusively to the trial of the Sanchez case in Suffolk Superior Court.

    4.   There are thirty-eight patients of Global Tech Diagnostic and Lynn Diagnostics who are named in the indictment and identified as patients for whom fraudulent insurance claim forms were mailed or wired to insurance companies. The government has told defense counsel that it only intends to proceed on six or seven of these individual counts of fraud. The government has not yet informed defense counsel on which counts it intends to proceed.

    5.   On September 6, 2006, defendant filed a Motion in Limine to Preclude Testimony by Government Expert Witnesses (Docket #60). The basis of the motion is that defendant requested, in writing, expert discovery in March of 2006 and the government never responded to the request. On September 8, 2006, the government produced an expert report by Dr. Richard Levy. This report, however, still does not disclose which of the forty counts of mail and wire fraud on which the government is going to proceed.

    6.   Defendant will not be able to locate, hire, and prepare his own expert witness(es) in time for trial. If the Court does not preclude the government's expert testimony, the only alternative is a continuance of the trial date.

7. On September 8, 2006, the government informed defense counsel, in writing, that "available for inspection and review are additional insurance company and medical files relating to NCV/EMG tests performed by Drs. Kinnard and Shah." Weinreb letter, dated September 8, 2006. Defense counsel has not had time to review these files prior to the trial date.

8. During the week of September 5, 2006, the government informed defense counsel that it had additional insurance company and medical files relating to patients in Lynn available for review. Defense counsel has not had time to review these files. The government also informed defense counsel that it had patient files turned over by Victoria Tkach available for review. Defense counsel has not had time to review those files.

9. FBI 302s indicate that defendants Motoni and Tmamaran were served with subpoenas for production of documents. Defense counsel has requested that those documents be produced for inspection. The government informed defense counsel that those files have not been located.

10. The parties are still actively involved in plea negotiations.

11. The amount of, and the timing of the production of, the <u>Jencks</u> material has made it impossible for defendant to be adequately prepared for trial by October 10, 2006. The volume of additional files that defense counsel has recently learned are

available for review is also overwhelming.  This amount of discovery material, along with the late production of expert discovery, and defense counsel's involvement in a first degree murder trial during the two weeks immediately preceding this trial date necessitate a continuance.

Wherefore, defendant requests a trial date sometime after November 13, 2006.

            Respectfully submitted,

             /s/ Jonathan Shapiro
            Jonathan Shapiro
            BBO No. 454220
            Stern, Shapiro, Weissberg
             & Garin, LLP
            90 Canal Street, Suite 500
            Boston, MA 02114-2022
            (617) 742-5800

Dated: September 21, 2006

<u>Certificate of Service</u>

  I hereby certify that this document(s) filed through the EFT system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 21, 2006.

                     <u>/s/ Jonathan Shapiro</u>

```
G:\SSWG\YELAUN\Pleadings\motion to continue trial.wpd
```