UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>        v.<br><br>SEVERIN YELAUN | )<br>)<br>)<br>)<br>)<br>)<br>) |

Criminal No. 05-10010-NMG

GOVERNMENT'S OPPOSITION TO
DEFENDANT SEVERIN YELAUN'S MOTION TO CONTINUE TRIAL DATE

The United States of America, by and through its undersigned attorneys, respectfully opposes Defendant Severin Yelaun's motion to continue the trial of this matter, which is currently scheduled to begin on October 10, 2006.  As grounds for this opposition, the government states the following:

1.    The Court (Alexander, M.J.) unsealed the indictment in this case and arraigned the defendants on January 20, 2005.  With minor exceptions, the government produced all discovery required by Fed. R. Crim. P. 16 and the local rules (except for expert discovery) before December 20, 2005, which was the date of the final status conference.  At that conference, the parties agreed in open court that the government would produce expert discovery approximately six weeks before trial (which it did), and the defendants agreed to produce reciprocal expert discovery approximately two weeks before trial.  There have been no discovery violations by the government in this case, and any suggestion to the contrary is spurious.

2.    Although it is true that in the first week of September

2006 the government informed defense counsel that it was making additional medical records available for inspection and review, it did so purely as a courtesy. The government was not obligated to produce those files in discovery. Indeed, with the exception of a handful of slender files, none of the records have anything to do with the allegations in the indictment. The government should not be penalized for opening its investigatory files to inspection as a courtesy to defense counsel. (The files mentioned in this paragraph include all files produced by Dr. Montoni pursuant to grand jury subpoena; those files consist entirely of medical records of patients who have nothing to do with this case. No files were produced to the government by Dr. Tamaren.)

3. Moreover, although the government made numerous records available for inspection and review shortly after the scheduling conference in February 2006, Defendant did not bother to review them until August 2006. Defendant still has made no effort to inspect any of the records that were made available in the first week of September, even though more than two weeks have passed since then.

4. It is true that the government produced over 1,500 pages of Jencks material on September 13 and 14 2006, but that is the date the Court set for the production of Jencks material. The Court set that date so that defense counsel would have four

weeks in advance of trial to review the material.  Given that the government is not even legally obligated to produce Jencks material until after its witnesses testify on direct examination, its production of the material four weeks in advance of trial should not be deemed grounds for a continuance.

5.    Although the government may well dismiss some counts of the indictment in order to expedite the trial and simplify matters for the jury, it is not obligated to do so, and it certainly is not obligated to decide which ones it intends to dismiss before it completes its trial preparation.  Defendant is not entitled to wait for the government to complete its trial preparation before the Defendant commences his.

6.    Defense counsel's scheduling conflict is not grounds for a continuance for several reason.  First, there is no actual scheduling conflict; defense counsel expects his murder trial to end several days before this trial is scheduled to begin.  Second, this trial was scheduled on February 13, 2006 -- over seven months ago; defense counsel does not state when his murder trial in Suffolk Superior Court was scheduled, why he has waited so long to raise the conflict with the Court, and why this trial should yield to that one.  Third, the government has served trial subpoenas on over 50 witnesses, all of whom have been told to adjust their schedules if necessary to enable them to appear and testify; it would greatly prejudice the government, and

potentially inconvenience many witnesses, if the trial were delayed for over a month.

7.    Finally, even if the Court decides to grant Defendant's motion, there is no reason to delay the trial by an entire month. The government respectfully requests that the trial be continued, if at all, only until October 16, 2006, at the latest.  The government specifically objects to Defendant's request for a trial date in mid-November because one of the attorneys for the government who has been diligently preparing for the trial of this case will not be available in late November, and the trial is expected to last at least three weeks.

8.    WHEREFORE, the government respectfully requests that Defendant's motion to continue the trial date be DENIED.


Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


By:    /s/ William Weinreb
WILLIAM WEINREB
GREGG D. SHAPIRO
JEREMY M. STERNBERG
Assistant U.S. Attorneys