UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
UNITED STATES                 )
                              )
    v.                        )
                              )      No. 05CR10010-NMG
SEVERIN YELAUN                )
                              )
_____)

**DEFENDANT's RESPONSE TO
GOVERNMENT'S OPPOSITION TO DEFENDANT'S
<u>MOTION TO CONTINUE THE TRIAL DATE</u>**

    The defendant, Severin Yelaun, responds to the Government's opposition to his motion as follows:

    1. Defense counsel reviewed the Report and Order of the Final Status Conference in this case issued on December 20, 2005. (Affidavit of Jonathan Shapiro at para. 2)

    2.  Contrary to the contention in paragraph 1 of the Government's Opposition to Defendant Severin Yelaun's Motion to Continue the Trial Date, there is no mention in the Report and Order of the Final Status Conference with regard to expert witnesses.  Moreover, I have no recollection of any deadline or discussion having taken place in open court with regard to disclosure of expert witnesses.  (Affidavit of Jonathan Shapiro at para. 3).

    3. Further, counsel would not have agreed to receive an expert report 6 weeks prior to trial.  Such a short window of

time makes it impossible to engage a defense expert to rebut the government's expert claims. (Affidavit of Jonathan Shapiro at para. 4)

4. Accordingly, on March 31, 2006, co-counsel Attorney Patricia Garin requested by letter that the government disclose its expert witnesses. (Affidavit of Jonathan Shapiro at para. 5) The government did not respond to this letter nor did it indicate in any way that some other date for expert disclosure had previously been set by the court.

5. In any event, the government failed to provide its expert report 6 weeks prior to trial. The government's expert report was produced by letter on September 8, 2006. Trial in this matter is presently scheduled for October 10, 2006. The report was therefore provided approximately two weeks after the date the government contends it was agreed to be provided. (Affidavit of Jonathan Shapiro at para. 6)

6. This case involves allegations that the defendant defrauded insurance companies by conspiring with physicians to order unnecessary diagnostic tests. Defendant will only be able to rebut these allegations by enlisting an expert witness to review the details of multiple patient files. The indictment in this case lists 38 patients who allegedly were prescribed unnecessary tests. There is simply not enough time prior to trial in this case to enlist an expert to conduct a review of that many patient files. (Affidavit of Jonathan Shapiro at para.

7).

Respectfully submitted,

    /s/ Jonathan Shapiro
Jonathan Shapiro
BBO No. 454220
Stern, Shapiro, Weissberg
 & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022
(617) 742-5800

Dated: September 22, 2006

Certificate of Service

    I hereby certify that this document(s) filed through the EFT system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 22, 2006.

/s/ Jonathan Shapiro