UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                        )
UNITED STATES           )
                        )
     v.                 )
                        )           No. 05CR10010-NMG
SEVERIN YELAUN          )
                        )
_____ )
```

**AFFIDAVIT OF JONATHAN SHAPIRO**
**IN SUPPORT OF DEFENDANT's RESPONSE TO**
**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION TO CONTINUE THE TRIAL DATE**

Jonathan Shapiro states under the penalty of perjury that the following facts are within his knowledge and that he believes them to be true:

1. I am a member of the Bar of the Commonwealth of Massachusetts and represent the above-captioned defendant.

2. I have reviewed the Report and Order of the Final Status Conference in this case issued on December 20, 2005.

3. Contrary to the contention in paragraph 1 of the Government's Opposition to Defendant Severin Yelaun's Motion to Continue the Trial Date, there is no mention in the Report and Order of the Final Status Conference with regard to expert witnesses. (The Order is attached at Tab A). Moreover, I have no recollection of any deadline or discussion having taken place in open court with regard to disclosure of expert witnesses.

4. Further, I would not have agreed to receive an expert report 6 weeks prior to trial.  Such a short window of time makes it impossible to engage a defense expert to rebut the government's expert claims.

5. Accordingly, on March 31, 2006, co-counsel Attorney Patricia Garin requested by letter that the government disclose its expert witnesses. (Letter attached at Tab B).  The government did not respond to this letter nor did it indicate in any way that some other date for expert disclosure had previously been set by the court.

6. In any event, the government failed to provide its expert report 6 weeks prior to trial.  The government's expert report was produced by letter on September 8, 2006.  (Letter attached at Tab C).  Trial in this matter is presently scheduled for October 10, 2006.  The report was therefore provided approximately two weeks after the date the government contends it was agreed to be provided.

7. This case involves allegations that the defendant defrauded insurance companies by conspiring with physicians to order unnecessary diagnostic tests.  Defendant will only be able to rebut these allegations by enlisting an expert witness to review the details of multiple patient files.  The indictment in this case lists 38 patients who allegedly were prescribed unnecessary tests.  There is simply not enough time prior to

trial in this case to enlist an expert to conduct a review of
that many patient files.

Signed under the penalties of perjury this 22nd day of September
2006.

Jonathan Shapiro

# Attachment A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 05-10010

UNITED STATES OF AMERICA

v.

IGOR MOYSEYEV et al.

FILED
In Open Court
USDC, Mass.
Date 12/20/05
By _Carroll Bull_
Deputy Clerk

REPORT & ORDER ON
FINAL STATUS CONFERENCE

ALEXANDER, M.J.

On December 20, 2005, parties appeared before this Court for a Final Status Conference. With regard to the following issues, the parties have represented that:

1. Counsel for Moyseyev and Tamaren believe that there are features of the case that deserve special attention or modification of the standard schedule.

2. Discovery is not complete and there are pending motions. If there are pending motions, then the pending motions include Moyseyev and Montoni's motions for production of codefendant statements.

3. Supplemental discovery anticipated: The government has agreed to produce a large number of documents that in its view are not required to be produced under the discovery rules but that it is willing to produce in order to accommodate the defendants, who believe it may be useful to the preparation of their defense.

4. (a) Total amount of time ordered excluded under the Speedy Trial Act __All but six days have been excluded under the Speedy Trial Act_____
   (b) Amount of time remaining under the Speedy Trial Act before trial must commence __64 days_____

   (c) Pending or anticipated motions that will cause additional excludable time under the Speedy Trial Act: Some defendants anticipate the possibility of filing motions to sever and/or suppress statements.

5. (a) The defendants do not intend to raise a defense of insanity.
   (b) The defendants do not intend to raise a defense of public authority.

6. The Government has not requested notice of alibi by the defendants.

7. (a) Motions to sever, dismiss, suppress, or any other motion requiring a ruling by the District Court before trial:
   Some defendants anticipate the possibility of filing motions to sever and/or suppress statements.

   (b) Briefing schedule established ___DISPOSITIVE MOTIONS, IF ANY, SHALL
   ___BE FILED ON OR BEFORE JANUARY 31, 2006._____
   _____
   _____
   _____

1

8.  Need for schedule concerning any matter in the case other than trial _____ N O _____

_____
_____
_____
_____
_____

9.  Possibility of early resolution of case without trial:  The parties are continuing to evaluate discovery and will continue to discuss the possibility of early resolution of the case without trial.

10.  Trial  is  necessary.  Estimated duration of trial:  six weeks

11.  Other matters _____

_____
_____
_____
_____
_____
_____

          IT IS HEREBY ORDERED THAT

~~Parties shall meet prior to the Final Status Conference in order to respond to the above stated inquiries.~~

                              By the Court,

      Date_____          _____
                                       Deputy Clerk

2

# Attachment B



**STERN**
**SHAPIRO**
**WEISSBERG**
**& GARIN** LLP

a t t o r n e y s   a t   l a w

Max D. Stern
Jonathan Shapiro
Lynn G. Weissberg
Patricia Garin
Martin E. Levin
Kenneth M. Resnik
Lillian Hirales
Alexandra H. Deal

March 31, 2006

William Weinreb
Assistant United States Attorney
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

          Re:    <u>United States v. Severin Yelaun</u>

Dear Mr. Weinreb:

      In the Government's Opposition to Motions to Sever by Defendants Montori, Yelaun, and Moyseyev (Document 56-filed 3/23/06), you stated that the government's evidence at trial "will consist primarily of civilian and expert witness testimony and of documents that will need to be shown and explained to the jury." You further explained that the government "will offer evidence about when the tests in question are actually medically necessary and about how they are performed and who may prescribe, perform, and certify them." (Gov't memo., p.3).

      This is to request that, pursuant to Fed. R. Cr. P. 16 (a)(1)(g), you disclose to defendant the names and addresses of all expert witnesses the government intends to call during its case-in-chief at trial. Additionally, please provide defendant with a written summary of any expert testimony the government intends to offer. In accordance with the Rule, this summary must describe each witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. Please include in each witness's summary the identity of the patients about whom each witness will testify and please identify the documents that the witness will show to the jury or explain to the jury. Finally, please provide a copy of each witness's curriculum vitae.

      Thank you.

                          Very truly yours,

                          Patricia Garin

c.c. Neil Faigel w/o attachments
     James E. McCall w/o attachments
     Murray P. Reisure w/o attachments
PG/tw

G:\SSWG\YELAUN\Weinreb.L1.wpd

# **Attachment C**



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

September 8, 2006

Jonathan Shapiro, Esq.                    Murray P. Reiser, Esq.
Stern, Shapiro, Weissberg & Garin         James E. McCall, Esq.
90 Canal Street, Suite 500                4 Longfellow Place
Boston, MA 02114-2022                     Boston, MA 02114

Frederick B. McAlary, Jr., Esq.           Neil F. Faigel, Esq.
John Valerio, Esq.                        265 Broadway
10 Main St., Suite L-9                     Methuen, MA 01844
Andover, MA 01810

Re:  <u>United States v. Igor Moyseyev, et. al.</u>
     Cr. No. 05-10010-NMG

Gentlemen:

     The government intends to call Dr. Richard Levy as an expert
in the above-captioned case.  A copy of his resume and expected
opinion testimony is enclosed.  Also enclosed is a document
entitled "Independent Contractor Agreement" relating to the
business relationship between Dr. Chatterjee and Chelsea Health
Management.

     We previously informed you that additional insurance company
and medical files relating to patients in Lynn were available for
your inspection and review.  Also available for inspection and
review are additional insurance company and medical files
relating to NCV/EMG tests performed by Drs. Kinnard and Shah.

September 8, 2006
Page 2


    Please feel free to call me at 617-748-3222 if you have any
questions or concerns.

                 Very truly yours,

                 MICHAEL J. SULLIVAN
                 United States Attorney

By:   /s/ William Weinreb
                 WILLIAM WEINREB
                 GREGG SHAPIRO
                 JEREMY STERNBERG
                 Assistant U.S. Attorneys