```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

```
_____
                      )
UNITED STATES         )
                      )
     v.               )
                      )           No. 05CR10010-NMG
SEVERIN YELAUN        )
                      )
_____)
```

**DEFENDANT SEVERIN YELAUN'S REQUEST FOR
PRODUCTION AND INSPECTION OF NOTES TAKEN
BY GOVERNMENT AGENTS DURING INTERVIEWS OF THE DEFENDANT**

Defendant, Severin Yelaun, requests that this Court, pursuant Fed. R. Crim. P. 16(a)(1)(B)(ii), order production of notes taken by government agents Angelo Rinchiuso, Jonathan True and Dennis Drum during their interviews of the defendant on May 9, 2001, and May 22, 2001. As grounds for this motion, the defendant states:

1. The defendant was interviewed by agents Angelo Rinchiuso and Jonathan True on May 9, 2001. On June 11, 2001, the defendant was again interviewed on May 22, 2001, by agents Angelo Rinchiuso, Jonathan True, and Dennis Drum. The 302s provided to the defense state that the defendant was "advised of the identity of the interviewing agents."

2. Rule 16(a)(1)(B)(ii) requires the disclosure by the government to the defense of:

> The portion of any written record containing
> the substance of any relevant oral statement

>           made before or after arrest if the defendant
>           made the statement in response to
>           interrogation by a person the defendant knew
>           was a government agent.

3. There can be no question that the agents' notes of the interrogations of the defendant must be produced pursuant to this rule.  As the 302s state the defendant knew his interviewers were government agents and various courts have held that their notes are a "written record containing the substance of any relevant oral statement."  <u>United States v. Clark</u>, 385 F.3d 609, 619 (6th Cir. 2004)(holding the government violated the "specific disclosure obligation" of Rule 16(a)(1)(B)(ii) by not turning over the notes of the agent's interview of the defendant.); <u>United States v. Almohandis</u>, 307 F.Supp. 2d 253 (2004)(holding "an agent's rough notes of an interview of a defendant...are required to be produced under Rule 16(a)(1)(B)(ii)...")

4. Furthermore Local Rule 116.1 ©) (1)(a) makes disclosure of such material automatic.  Subsection (C)(1)(a) of Rule 116.1 states that automatic disclosure is required of "[a]ll of the information to which the defendant would be entitled under Fed. R. Crim. P. 16(a)(1)(A)-(D).  Rule 16(a)(1)(B)(ii), which as demonstrated above, is within the purview of Subsection (C)(1)(a).  Automatic disclosure of the agents' notes of the interviews of the defendant is therefore required.

Respectfully submitted,

/s/Patricia Garin
Jonathan Shapiro
BBO # 454220
Patricia Garin
BBO # 544770
Jeffrey Wiesner
BBO # 655814
Stern Shapiro Weissberg
  & Garin, LLP
90 Canal Street
Boston, MA 02110
(617) 742-5800

Dated: September 28, 2006

G:\SSWG\YELAUN\Pleadings\Motion for Agents' Notes.wpd

Certificate of ServiceI

I hereby certify that this document(s) filed through the EFT system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 28, 2006.

/s/Patricia Garin