UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 05-10010-NMG |
| v. ) | |
| ) | |
| SEVERIN YELAUN ) | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT SEVERIN YELAUN'S MOTION
FOR INDIVIDUAL VOIR DIRE OF PROSPECTIVE JURORS**

The United States of America, by and through its undersigned attorneys, respectfully submits this response to Defendant Severin Yelaun's Motion For Individual Voir Dire of Prospective Jurors.  For ease of reference, the numbered paragraphs in this response correspond to the numbered paragraphs in Yelaun's motion.

1.   The government objects to this proposed question to the extent it discusses Yelaun's citizenship status (because the jury should not learn facts about the defendant through voir dire questions), to the extent it asks only about Yelaun when many of the witnesses are Russian immigrants, and to the extent it instructs the panel that they must answer the question honestly (because the panel will be instructed at the outset that it must answer all questions honestly).  In lieu of Yelaun's proposed question, the government proposes that the court ask the following question:  "Some of the individuals you will hear about in this case immigrated from Russia.  Do you have any feelings

about Russians or immigrants that might, in any way, affect your ability to be a fair and impartial juror in this case?"

2.   The government objects to the open-ended nature of this question and proposes the following alternative:  "The defendant is charged with fraudulently billing insurance companies and conspiring to launder money.  Would the nature of these charges interfere with your ability to be a fair and impartial juror in this case?"

3.   The government does not object to this proposed question.

4.   The government does not object to this proposed question.

5.   The government objects to this question as unnecessary.

6.   The government does not object to this proposed question.

7.   The government does not object to this proposed question.

8.   The government objects to this proposed question on the ground that jurors should not be asked during voir dire whether they understand and will follow particular jury instructions. All jury instructions are important, and jurors are presumed to follow them.  See United States v. Boylan, 898 F.2d 230, 263 (1st Cir.), cert. denied, 498 U.S. 849 (1990).  It is unfair and unnecessary to single out those favorable to the defense and ask

about them, and only them, during voir dire.  See <u>United States v. Anagnos</u>, 853 F.2d 1, 5 (1st Cir. 1988) (holding that the district court "has very broad discretion as to how much, and what, is to be asked of prospective jurors.").

9.  The government objects to this proposed question for the same reasons set forth in its objection to proposed question number 8.

10.  The government objects to this proposed question for the same reasons set forth in its objection to proposed question number 8.

11.  The government objects to this question to the extent it focuses exclusively on bias against Mr. Yelaun as opposed to bias against either party.  The government also objects to it as duplicative of question number 12 below.  If the court decides to ask this question, the government proposes this alternative:  "Do you have any bias or prejudice towards either of the parties in this case?"

12.  The government objects to this question to the extent it focuses exclusively on the need to be fair and impartial to Yelaun as opposed to both parties.  The government proposes this alternative:  "Can you think of any reason why you might not be able to be completely fair and impartial to either party if you are selected as a juror in this case."

```
                    Respectfully submitted,

                    MICHAEL J. SULLIVAN
                    United States Attorney


              By:   /s/ William Weinreb
                    WILLIAM WEINREB
                    GREGG D. SHAPIRO
                    Assistant U.S. Attorneys
```