UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
                               )
          v.                   )   CRIMINAL NO. 05-10010-NMG
                               )
SEVERIN YELAUN,                )
                               )
              Defendant.       )

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States hereby requests, pursuant to Fed. R. Crim. P. 30, that the Court instruct the jury in this case in accordance with the attached proposed instructions.

The United States reserves the right to supplement, modify or withdraw any of these requests for instruction, in light of the requests for instruction, if any, filed by the defendant.

                         Respectfully submitted,

                         MICHAEL J. SULLIVAN
                         United States Attorney

                    By:
                         /s/ William Weinreb
                         WILLIAM D. WEINREB
                         GREGG SHAPIRO
                         Assistant U.S. Attorneys

Dated:  December 13, 2006

**TABLE OF CONTENTS**

**Instruction**                                                    **Page**

Consider Only This Defendant                                        1

Each Count Separate Offense                                         2

Direct and Circumstantial Evidence                                 3

Inferences                                                          7

Evidence as to be Viewed as a Whole                                8

Charts and Summaries                                               9

Variance – Dates                                                   10

Mail Fraud                                                         11

Health Care Fraud                                                 16

Conspiracy                                                        19

Conspiracy to Commit Money Laundering                            27

Punishment                                                       31

Submitting the Indictment                                        32

The Foreperson's Role; Unanimity                                 33

## Consider Only This Defendant

You are about to be asked to decide whether the defendant is guilty or not guilty.  You are not being asked whether any other person is guilty or not guilty.  Your verdict should be based solely upon the evidence or lack of evidence as to the defendant, in accordance with my instructions and without regard to the guilt or innocence of any other person.[1]

---

[1] Mod. Fed. Jury Instructions, Instruction No. 2-18, p. 2-39.

### Each Count Separate Offense

The Indictment contains a total of 28 counts. Each count charges the defendant with a separate crime. You must consider each count separately and return a separate verdict of guilty or not guilty as to each count. Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.[2]

---

[2] <u>Mod. Fed. Jury Instructions</u>, Instruction No. 3-6, p. 3-10.

2

<u>Direct and Circumstantial Evidence</u>

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence.  Direct evidence is where a witness testifies to what he saw, heard or observed.  In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses - what he sees, feels, touches or hears - that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.  There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume you were in the courtroom all morning and could not look outside.

As you were sitting here, someone walked in with an umbrella which was dripping wet.  Somebody else then walked in with a raincoat which also was dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

3

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence.  It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.[3]

---

[3] <u>Mod. Fed. Jury Instructions</u>, Instruction No. 5-2, p. 5-6.

## Inferences

You are to base your verdict only on the evidence received in the case.  In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or the bald assertions in the exhibits.  In other words, you are not limited solely to what you see and hear as the witnesses testify or as to the exhibits admitted.  You are permitted to draw from facts which you find have been proved, such reasonable inferences as you feel are justified in the light of your experience and common sense.[4]

---

[4] 1A, K. O'Malley et al., Federal Jury Practice and Instructions, § 12.03. p. 132 (5th ed. 2000); see also Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction No. 3.04, p. 52.

5

## Evidence to be Viewed as a Whole

Your verdict must be based on your view of the evidence as a whole.

The jury should not take the testimony of a witness, piece by piece, and reject those portions which, standing alone, may not appear to be true beyond a reasonable doubt.  Rather, the jury should consider the testimony of a witness in light of all the other evidence in the case.[5]

---

[5] <u>United States v. Patten</u>, 226 U.S. 525, 544 (1913); <u>American Tobacco Co. v. United States</u>, 147 F.2d 93, 106-07 (6th Cir. 1944), <u>aff'd</u>, 328 U.S. 781, 809 (1946).

<u>Charts and Summaries</u>

The government has presented exhibits in the form of charts and summaries.  The charts or summaries contain information taken from documents which were admitted into evidence.  You should consider these charts and summaries as you would any other evidence.[6]

---

[6] <u>Mod. Fed. Jury Instructions</u>, Instruction No. 5-12, p. 5-33.

<u>Variance - Dates</u>

The Indictment alleges that certain acts occurred on or about certain dates.  For example, it alleges that certain mailings were made on certain dates.

It does not matter if the Indictment charges that a specific act occurred on or about a certain date and the evidence indicates that, in fact, it was on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the date established by the testimony or exhibits.[7]

---

[7] <u>Mod. Fed. Jury Instructions</u>, Instruction No. 3-12, p. 3-27; <u>United States v. Morris</u>, 700 F.2d 427 (1st Cir. 1983).

8

Mail Fraud

The Indictment, in Counts One, Two, Three, Four, Eight,
Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Seventeen, Twenty-
One, Twenty-Three, Twenty-Four, Twenty-Five, Twenty-Six, Twenty-
Seven, Twenty-Eight, Thirty, Thirty-One, Thirty-Two, Thirty-
Three, Thirty-Four, Thirty-Six, and Thirty-Seven, charges the
defendant with violating the federal law that makes mail fraud
illegal.  For you to find the defendant guilty of mail fraud, you
must be convinced that the government has proven each of the
following beyond a reasonable doubt:

**FIRST:**      The defendant voluntarily and intentionally devised or
                participated in a scheme to defraud automobile
                insurance companies out of money by causing bills to be
                sent to the insurance companies for needle EMG tests
                that were not performed;

**SECOND:**     The defendant did so with the intent to defraud; and

**THIRD:**      It was reasonably foreseeable that the mail would be
                used in furtherance of the scheme.


First Element - Voluntary and Intentional Participation in a
Scheme to Defraud.  The phrase "scheme to defraud" includes any
plan or course of action intended to deceive or cheat another out
of money by employing material falsehoods.  It also means the
obtaining of money from another by means of material false
representations or promises.

A statement or representation is "false" when it is untrue

9

when made or effectively conceals or omits a material fact.

A representation is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of a reasonable person in deciding whether to engage or not to engage in a particular transaction.  To be material, it is not necessary that the statement, representation, or concealment in fact influence or deceive.  The government is not required to prove that anyone actually relied upon any particular false statement or representation or concealment, so long as it proves beyond reasonable doubt that false statements were made that concerned matters that a reasonable person might have considered important. If a decision was actually influenced or altered, it is probative of materiality.

It also is not necessary for the government to prove that the defendant instigated or devised the original scheme to defraud or that he was the primary wrongdoer, so long as it proves beyond a reasonable doubt that he participated in the scheme with knowledge of its fraudulent nature and with intent that the illicit purpose of the scheme be achieved.

While proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor you may properly consider in determining whether the defendant joined in the scheme.

10

The extent of the defendant's participation has no bearing on the issue of his guilt. A defendant's culpability is not measured by the extent or duration of his participation in a scheme to defraud. Each member of a scheme may perform separate and distinct acts and may perform them at different times. Some members play major roles, while others play minor parts. An equal role is not what the law requires. On the other hand, a person who has no knowledge of a fraud scheme, but simply happens to act in a way that furthers some object or purpose of the scheme, does not thereby become a part of the scheme.

You need not find that the defendant agreed specifically to or knew about all the details of the scheme, that he participated in each act of the scheme, or that he played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the scheme.

Second Element – Intent to Defraud. To act with "intent to defraud" means to act knowingly and with the intent to deceive someone for the purpose of causing some financial loss to another or bringing about some financial gain to oneself or another to the detriment of a third party. Intent and knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what the defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by him and

11

all other facts and circumstances received in evidence that may
aid in your determination of his knowledge or intent.  You may
infer, but you certainly are not required to infer, that a person
intends the natural and probable consequences of acts knowingly
done.

Third Element – Reasonably Foreseeable Use of the Mail.  It
is not necessary that the defendant do any actual mailing himself
or specifically intend that the mail be used.  It is sufficient
if the mail was in fact used to carry out the scheme and the use
of the mail by someone, including a victim of the fraud, was
reasonably foreseeable.  When one does an act with knowledge that
the use of the mails will follow in the ordinary course of
business or where such use of the mails can reasonably be
foreseen, even though not actually intended, then he causes the
mails to be used.

For each count of mail fraud, the government must establish
beyond a reasonable doubt the particular mailing charged in the
Indictment.  However, the government does not have to prove that
the mailings were made on the exact date charged in the
Indictment.  It is sufficient if the evidence establishes beyond
a reasonable doubt that the mailing was made on a date
substantially similar to the date charged in the Indictment.

The mailed matter need not contain a fraudulent
representation or purpose or request for money.  It must,

12

however, further or assist in the carrying out of the scheme to
defraud.  Each separate use of the mail in furtherance of the
scheme to defraud constitutes a separate offense.[8]

---

[8] 18 U.S.C. § 1341; <u>United States v. Blastos</u>, 258 F.3d 25
(1st Cir. 2001); <u>Neder v. United States</u>, 527 U.S. 1, 23 (1999);
<u>Mod Fed. Jury Instructions</u>, Instruction No. 44-3, p. 44-4; 2003
<u>First Circuit Pattern Criminal Jury Instructions</u>, Instruction No.
4.18.1341, pp. 116-19, and Comment 9.

Health Care Fraud

Count 41 of the Indictment charges the defendant with violating the federal law that makes health care fraud illegal. For you to find the defendant guilty of health care fraud, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

**FIRST:** That the defendant knowingly and willfully devised a scheme to obtain money from a health care benefit program in connection with the delivery of or payment for health care benefits, items or services;

**SECOND:** That the defendant executed this scheme by means of materially false representations; and

**THIRD:** That the defendant acted with an intent to defraud.[9]

The defendant acted "knowingly" if he was conscious and aware of his actions and realized what he was doing or what was happening around him. The defendant did not act knowingly if he acted because of ignorance, mistake or accident. An act, or failure to act, is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law. The burden to prove intent, as with all other elements of the crime, rests with the government.

A "health care benefit program" is any public or private

_____

[9] 18 U.S.C. § 1347(2).

14

plan or contract, affecting interstate commerce, under which any medical benefit, item, or service is provided to any individual. A health care benefit program includes automobile insurance that covers the cost of medical benefits, items or services.[10]

As explained earlier, a false representation is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of a reasonable person in deciding whether to engage or not to engage in a particular transaction. To be material, it is not necessary that the statement, representation or concealment, in fact, influence or deceive. The government is not required to prove that anyone actually relied upon any particular false statement or representation or concealment, so long as it proves beyond reasonable doubt that false statements were made that concerned matters that a reasonable person might have considered important.  If a decision was actually influenced or altered, it is probative of materiality.

Also, as explained earlier, to act with "intent to defraud" means to act knowingly and with the intent to deceive someone for the purpose of causing some financial loss to another or bringing about some financial gain to oneself or another to the detriment of a third party.  Intent and knowledge may not ordinarily be

---

[10] United States v. Hickman, 331 F.3d 439, 445 (5th Cir. 2003); United States v. Lucien, 347 F.3d 45, 52 (2d Cir. 2003).

15

proven directly because there is no way of directly scrutinizing the workings of the human mind.  In determining what the defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by him and all other facts and circumstances received in evidence that may aid in your determination of his knowledge or intent.  You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done.

<u>Conspiracy</u>

The next instructions I am about to give you relate to the next two counts:  Count 42, which charges the defendant with conspiracy to commit mail fraud and health care fraud; and Count 43, which charges the defendant with conspiracy to commit money laundering.

The crime of conspiracy is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as substantive crimes.  You may find the defendant guilty of the crime of conspiracy even if the substantive crimes that were the object of the conspiracy - that is, actual mail fraud, health care fraud, or money laundering - were not actually committed.

Congress also has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful.  This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

Under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense, it is not

17

necessary for the government to prove that all of the people
named in the Indictment were members of the scheme; or that those
who were members had entered into any formal type of agreement.
Also, because the essence of a conspiracy offense is the making
of the agreement itself, it is not necessary for the government
to prove that the conspirators actually succeeded in
accomplishing their unlawful plan.

       What the evidence in the case <u>must</u> show beyond a reasonable
doubt is:

**First**:    That two or more persons, in some way or manner, came
            to a mutual understanding to try to accomplish a common
            and unlawful plan to commit a crime as charged in the
            Indictment; and

**Second**:   That the defendant, knowing the unlawful purpose of the
            plan, willfully joined in it.

       In addition, for the conspiracy charged in Count 42, <u>but not</u>
for the money laundering conspiracy charged in Count 43, the
evidence also must show a third element:

**Third**:    That one of the conspirators committed an overt act in
            an effort to further the purpose of the conspiracy.

       <u>First Element – The Agreement</u>.  With respect to the first
element - the existence of the conspiracy - you should understand
that a "conspiracy" is simply a combination or agreement by two
or more persons to accomplish the unlawful purpose or object of
the conspiracy charged.   A conspiracy is a kind of partnership

18

in criminal purposes in which each member works as the agent of

another member.  The gist of the offense is a combination or an

agreement to disobey or disregard the law to achieve the unlawful

purpose.  Againi, it is not necessary that the unlawful purpose

of the conspiracy actually be achieved in order to prove that the

conspiracy existed.  What the evidence must show is that the

members, in some way or manner, came to a mutual understanding to

try to accomplish their common unlawful purpose and that they did

so knowingly, willfully, and intentionally.[11]

        In order to establish the existence of a conspiracy, the

government need not show that the conspirators entered into any

express agreement or formal agreement.  It is not necessary to

show that the conspirators directly, by spoken or written words,

stated among themselves exactly what their object or purpose was,

exactly what the details of the scheme were, or exactly what

means they would adopt to achieve their goals.  Indeed, it would

be extraordinary if there were or had been such a formal meeting,

or documents, or even a specific oral agreement.  A conspiracy

is, by its very nature, usually secret in its origin and its

execution.  It is sufficient if the government demonstrates

conduct evidencing a silent understanding to share a purpose to

---

        [11] Pettibone v. United States, 148 U.S. 197, 203 (1893);
United States v. Guerro, Cr. No. 81-215-K (D. Mass.) Tr. 5:85-86,
aff'd, 693 F.2d 10 (1st Cir. 1982).

violate the law.[12]

Because a conspiracy by its very nature is often secret, neither the existence of the agreement, nor the fact of a defendant's participation in it, must be proved by direct evidence; both may be inferred from the development and course of the dealings between the defendant and the other alleged conspirators.[13]

Second Element - Membership.  The second element of conspiracy that the government must prove beyond a reasonable doubt is that the defendant knowingly, willfully, and voluntarily became a member of the conspiracy.

If you are satisfied that the conspiracy charged in the Indictment existed, then you must ask yourselves who the members of that conspiracy were.  In deciding whether the defendant was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy.  Did

---

[12] United States v. Paramount Pictures, Inc., 334 U.S. 131, 142 (1948); United States v. Rivera-Santiago, 872 F.2d 1073, 1079 (1st Cir. 1989); United States v. Addonizio, 451 F.2d 49, 74 (3d Cir. 1971); United States v. Palladino, 203 F. Supp. 35, 37-38 (D. Mass. 1962).

[13] United States v. Rivera-Santiago, 872 F.2d 1073, 1079 (1st Cir. 1989); United States v. Stubbert, 655 F.2d 453, 456 (1st Cir. 1981); United States v. Hathaway, 534 F.2d 386, 400-401, (1st Cir. 1976); United States v. Guerro, 693 F.2d 10, 12 (1st Cir. 1982); United States v. Patterson, 644 F.2d 890, 893 (1st Cir. 1981); United States v. Nardi, 633 F.2d 972 (1st Cir. 1980).

he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome.  You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor which you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the Indictment.

As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan.  The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements and the reasonable inferences which may be drawn from them.

The defendant's knowledge is a matter of inference from the facts proved.  In that connection, I instruct you that to become

21

a member of the conspiracy, the defendant need not have known the
identities of each and every other member, nor need he have been
apprised of all their activities.  Moreover, the defendant need
not have been fully informed as to all of the details, or the
scope, of the conspiracy in order to justify an inference of
knowledge on his part.  Furthermore, the defendant need not have
joined in all of the conspiracy's unlawful objectives.

The extent of a defendant's participation has no bearing on
the issue of a defendant's guilt.  A conspirator's liability is
not measured by the extent or duration of his participation.
Each member may perform separate and distinct acts and may
perform them at different times.  One conspirator may play a
major role, while another may play a minor part in the scheme.
An equal role is not what the law requires.  In fact, even a
single act may be sufficient to draw the defendant within the
ambit of the conspiracy.

I want to caution you, however, that the defendant's mere
presence at the scene of a transaction or event does not, by
itself, make him a member of the conspiracy.  Similarly, mere
association with one or more members of the conspiracy does not
automatically make the defendant a member.  A person may know, or
be friendly with, a criminal, without being a criminal himself.
Mere similarity of conduct or the fact that they may have
assembled together and discussed common aims and interests does

22

not necessarily establish proof of the existence of a conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement – that is to say, a conspirator.[14]

Third Element – Overt Act. As I mentioned, for the conspiracy charged in Count 42, but not for the money laundering conspiracy charged in Count 43, the evidence also must show an overt act. An overt act is any act knowingly committed by one or

_____

[14] Mod. Fed. Jury Instructions, Instruction 19.01, p. 19-34.2; United States v. Rosa, 17 F.3d 1531, 1542-46 (2d Cir. 1994).

23

more of the conspirators in an effort to accomplish some purpose
of the conspiracy.  Only one overt act has to be proven.  The
government is not required to prove that the defendant personally
committed or knew about the overt act.  It is sufficient if one
conspirator committed one overt act at some time during the
period of the conspiracy.

As I have stated, the government does not have to prove that
the conspiracy succeeded or was achieved.  The crime of
conspiracy is complete upon the agreement to commit the
underlying crime and the commission of one overt act.

A co-conspirator is responsible for all actions taken by his
co-conspirators in furtherance of the conspiracy while the co-
conspirator is a member.  So long as the partnership in crime
continues, the partners act for each other in carrying it
forward.  Any act of one partner may be the act of all without
any new agreement specifically directed to that act.[15]

Unanimity re Object of Conspiracy.  With regard to the
conspiracy charge, Count 42 charges that the conspiracy had two
objects:  (1) to commit mail fraud; and (2) to commit health care
fraud.  To convict the defendant of conspiracy, all twelve jurors
must agree that the defendant conspired to commit at least one of
the offenses alleged as objects.  I instruct you that your

---

[15] Pinkerton v. United States, 328 U.S. 640, 646-47 (1946).

24

verdict must be unanimous as to which object of the conspiracy, if any, you find the defendant guilty.  It is not necessary for the government to prove that the defendant conspired to commit both offenses charged as the objects of the conspiracy.  If the government proves the defendant guilty beyond a reasonable doubt of either of the offenses that is an object of the conspiracy, you may find him guilty of committing the crime of conspiracy.[16]

Conspiracy Time Period.  Count 42 of the Indictment alleges that the mail and health care fraud conspiracy existed from in or before March 1998 through at least January 2005.  Count 43 of the Indictment alleges that the money laundering conspiracy existed from in or about January 1999 through in or after January 2002. In determining whether the defendant participated in a conspiracy as charged, you need not find that the conspiracy existed during the entire period charged.  It is sufficient that you find that the conspiracy existed during any part of the period charged, and that the defendant was then a member of the conspiracy.

---

[16] Joseph F. McSorley, A Portable Guide to Federal Conspiracy Law 63 (2d ed. 2003).

<u>Conspiracy to Commit Money Laundering</u>

Count 43 of the Indictment charges the defendant with conspiracy to violate the money laundering statute, in violation of Title 18, United States Code, Section 1956(h).

To convict the defendant of conspiracy to commit money laundering, the government must prove the following two things beyond a reasonable doubt:

**First:**   That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan to launder money, as charged in Count 43 of the Indictment; and

**Second:**   That the defendant, knowing the unlawful purpose of the plan, willfully joined in it.

You may find the defendant guilty of the crime of conspiracy to commit money laundering even though the substantive crime which was the object of the conspiracy - that is, the actual money laundering - was not actually committed.

As I explained earlier, a person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators.  So, if a defendant has a general understanding of the unlawful purpose of the plan and knowingly joins in that plan on one occasion, that is sufficient to convict that defendant for conspiracy even though the defendant did not

participate before, and even though the defendant played only a minor part.

There are different types of money laundering.  The defendant is charged with conspiracy to commit the type of money laundering that is made illegal by Title 18, United States Code, Section 1956(a)(1)(A)(i), and therefore it is necessary for me to explain the elements of money laundering under that statute.

In order to prove the crime of money laundering in violation of Section 1956(a)(1)(A)(i), the government must establish beyond a reasonable doubt each of the following elements:

**First:**     That the defendant knowingly conducted or attempted to conduct financial transactions affecting interstate commerce;

**Second**:    That the defendant knew that at least some of the money involved in the financial transactions constituted the proceeds of some form of unlawful activity;

**Third**:     That at least some of the money involved in the financial transactions was in fact the proceeds of specified unlawful activity, namely, mail fraud, in violation of 18 U.S.C. § 1341, and/or health care fraud, in violation of 18 U.S.C. § 1347; and

**Fourth**:    That the defendant knew that the transactions were designed in whole or in part to promote the carrying on of specified unlawful activity, namely, mail fraud, in violation of 18 U.S.C. § 1341, and/or health care fraud, in violation of 18 U.S.C. § 1347.

Definitions:

A <u>financial transaction</u> is a transaction involving a monetary instrument that affects interstate commerce.  Monetary instruments include personal checks and business checks.  If a person gives a personal check or business check to another person and that transaction affects interstate commerce, he or she engages in a financial transaction.  Also, if a person deposits a check in the account of a bank which is engaged in interstate commerce, that person engages in a financial transaction.

A person <u>conducts</u> a financial transaction if he begins it, concludes it, or participates in beginning it or in concluding it.

A transaction <u>affects interstate commerce</u> if it in any way or degree has a demonstrated connection or link with interstate commerce.  It is not necessary for the government to prove that the defendant actually intended or anticipated an effect on interstate commerce.  It is only necessary that the natural and probable consequences of the defendant's conduct would be to affect commerce in some way.  Only a minimal effect on commerce is necessary.  If you find beyond a reasonable doubt that the transactions involved checks drawn on banks, that is itself sufficient to satisfy the interstate commerce requirement.

Finally, <u>specified unlawful activity</u> means any one of a

variety of offenses defined by the statute.  In this case, the government has alleged that the funds in question were the proceeds of mail fraud, in violation of 18 U.S.C. § 1341, and/or of health care fraud, in violation of 18 U.S.C. § 1347.  I instruct you that, as a matter of law, mail fraud and health care fraud fall within the definition of "specified unlawful activity".  However, it is for you to determine whether the funds were the proceeds of either or both of those particular unlawful activities.[17]

---

[17] <u>Mod. Fed. Jury Instructions</u>, ¶ 50A.02, Instruction No. 50A-8 (1999); <u>United States v. Isabel</u>, 945 F.2d 1193 (1st Cir. 1991); 18 U.S.C. § 1956(c); <u>United States v. Skinner</u>, 946 F.2d 176, 177-78 (2d Cir. 1991); <u>United States v. Jackson</u>, 935 F.2d 832, 842 (7th Cir. 1991); <u>United States v. Montoya</u>, 945 F.2d 1068, 1076 (9th Cir. 1991); <u>United States v. Moore</u>, 27 F.3d 969, 976 (4th Cir. 1994); <u>United States v. Sokolow</u>, 91 F.3d 396, 409 (3d Cir. 1996).

## Punishment

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the Court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, in any way to influence your verdict or to enter into your deliberations.[18]

---

[18] <u>Mod. Fed. Jury Instructions</u>, Instruction No. 9-1, p. 9-3.

30

## Submitting The Indictment

I am sending a copy of the Indictment into the jury room for you to have during your deliberations.  Portions of the Indictment have been redacted, or cross-out, with black marker. Those portions do not concern, and you should not speculate about what was cross-out, or why.  You may use the to read the crimes which the defendant is charged with committing.  You are reminded, however, that an indictment is merely an accusation and is not to be used by you as any proof of the conduct charged.[19]

---

[19] Mod. Fed. Jury Instructions, Instruction No. 9-4, p. 9-10.

31

<u>The Foreperson's Role; Unanimity</u>

I come now to the last part of the instructions, the rules for your deliberations.

When you retire, you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

In order to assist you, a special jury verdict form has been prepared for your use.  The foreperson will complete this form and hand it to the clerk when the jury returns with its verdict.