UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                        )
UNITED STATES           )
                        )
     v.                 )
                        )          No. 05CR10010-NMG
SEVERIN YELAUN          )
                        )
_____ )

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Defendant respectfully requests that the jury be instructed on the law as follows:

**1.  Mail Fraud - 18 U.S.C. §1341**[1]

In Counts 1-4, 8-14, 17, 21, 23-28, 30-34 and 36-37 of the Indictment, SEVERIN YELAUN is charged with violating the federal statute making mail fraud illegal.

For you to find SEVERIN YELAUN guilty of mail fraud on any one of these counts, you must be convinced that the government has proven each of the following three elements beyond a reasonable doubt for that particular count:

*First*, the existence of a scheme, substantially as charged in pages 41-44 of the Indictment, to defraud insurance companies

---

[1] This instruction is in large part taken from the First Circuit Pattern Jury Instructions-Criminal. (1998)(West), 4.12 Mail Fraud, p.76.  Defendant has modified the language somewhat to fit the facts of this case, added a sentence about materiality and a sentence about good faith.

and to obtain money by means of <u>material</u> false or fraudulent pretenses;

**Second**, that defendant knowingly and willfully participated in this scheme with the intent to defraud insurance companies and to obtain money by means of false or fraudulent pretenses; and

**Third**, that defendant used the United States mail, on or about the dates charged in the Indictment, in furtherance of this scheme.

## First Element: The existence of a scheme to defraud by the use of material false or fraudulent pretenses

The first element that the government must prove beyond a reasonable doubt is that there was a scheme to defraud and to obtain money by means of material false or fraudulent pretenses.

A "scheme" includes any plan, pattern or course of action.

The term "defraud" means to deprive another of something of value by means of deception or cheating. A scheme to defraud must be accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or entity or by a desire or purpose to cause some loss to some person or entity.

The term "false or fraudulent pretenses" includes only false statements or assertions that concern a <u>material</u> aspect of the

matter in question and that were either known to be untrue when made or were made with reckless indifference to their truth. The false or fraudulent pretenses must have made with the intent to defraud.

A "material" fact or matter is one that has a natural tendency to influence or be capable of influencing the decisionmaker to whom it was addressed. Here, the false or fraudulent pretense must concern a fact that is material to the insurance company's decision to pay the amount requested in the document that was mailed to the insurance company.

**Second Element: Knowing and willful participation in the scheme to defraud with the intent to defraud**

The second element that the government must prove beyond a reasonable doubt is that defendant participated in the scheme knowingly, willfully, and with intent to defraud.

To act "knowingly" means to act voluntarily and purposefully, with the realization of what one is doing and what is happening. Participation in the alleged scheme that occurs because of ignorance, mistake or accident is not a knowing participation.

An act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with specific intent to fail to do something

the law requires to be done; that is to say, with bad purpose
either to disobey or to disregard the law. Thus, if SEVERIN
YELAUN acted in good faith, he cannot be guilty of the crime,
even if he was mistaken in this belief. The burden of proving
good faith does not rest with the defendant. The burden to prove
intent, which includes proof that the defendant did not act in
good faith, as with all other elements of the crime, rests with
the government.

To act with "intent to defraud" means to act willfully and
with the specific intent to deceive or cheat for the purpose of
either causing some financial loss to another or bringing about
some financial gain to oneself. Thus, if SEVERIN YELAUN acted in
good faith, he cannot be guilty of the crime, even if he was
mistaken in this belief. The burden to prove intent, which
includes proof that the defendant did not act in good faith, as
with all other elements of the crime, rests with the government.

Intent or knowledge may not ordinarily be proven directly
because there is no way of directly scrutinizing the workings of
the human mind. In determining what SEVERIN YELAUN knew or
intended at a particular time, you may consider any statements
made or acts done or omitted by SEVERIN YELAUN and all other
facts and circumstances received in evidence that may aid in your

determination of SEVERIN YELAUN's knowledge or intent. You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

**Third Element: Use of mail in furtherance of the scheme**

The third element the government must prove beyond a reasonable doubt is that there was a use of the United States mail on or about the dates alleged in the Indictment that was closely related to the scheme to defraud in that SEVERIN YELAUN either received something in the mail or caused something to be mailed in an attempt to execute or carry out the scheme. To "cause" the mail to be used is to do an act with knowledge that the use of the mail will follow in the ordinary course of business or where such use can reasonably be foreseen.

**2.  Health Care Fraud - 18 U.S.C. §1347**[2]

In Count 41 of the Indictment, SEVERIN YELAUN is charged with violating the federal statute making health care fraud illegal.

For you to find SEVERIN YELAUN guilty of health care fraud, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

**First**, the existence of a scheme, substantially as charged in Count 41 of the Indictment, to defraud any healthcare benefit program and obtain any money by means of false or fraudulent pretenses, representations or promises from any health care benefit program;

**Second**, that defendant knowingly and willfully participated in this scheme with the intent to defraud a healthcare benefit program and to obtain money by means of false or fraudulent pretenses;

_____

[2] The elements of health care fraud are discussed in United States v. Lucien, 347 F.3d 45 (2nd Cir. 2003); United States v. Hickman, 331 F.3d 439 (5th Cir. 2003); United States v. P.G. Raithatha, 385 F.3d 1013 (6th Cir.  2004).  The definitions of the terms used in the first two elements are taken in large part from the definition of these terms in the First Circuit Pattern Jury Instructions-Criminal (1998)(West), 4.12 Mail Fraud, p.76. (See f.n. 1)

**Third,** that victim or intended victim of the scheme was a "healthcare benefit program"; and

**Fourth,** that the scheme was executed in connection with the delivery or payment for healthcare benefits, items or services.

**First Element: The existence of a scheme to defraud by the use of material false or fraudulent pretenses**

The first element that the government must prove beyond a reasonable doubt is that there was a scheme to defraud and to obtain money by means of false or fraudulent pretenses.

A "scheme" includes any plan, pattern or course of action.

The term "defraud" means to deprive another of something of value by means of deception or cheating. A scheme to defraud must be accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or by a desire or purpose to cause some loss to some person.

The term "false or fraudulent pretenses" includes only false statements or assertions that concern a <u>material</u> aspect of the matter in question and that were either known to be untrue when made or were made with reckless indifference to their truth.  The false or fraudulent pretenses must have made with the intent to defraud.

A "material" fact or matter is one that has a natural tendency to influence or be capable of influencing the decisionmaker to whom it was addressed.  Here, the false or fraudulent pretense must concern a fact that is material to the healthcare benefits program's decision to pay the amount requested in the document that was mailed to the healthcare benefit program.

**Second Element: Knowing and willful participation in the scheme**
**to defraud with the intent to defraud**

The second element that the government must prove beyond a reasonable doubt is that defendant participated in the scheme knowingly, willfully, and with intent to defraud.

To act "knowingly" means to act voluntarily and purposefully, with the realization of what one is doing and what is happening.  Participation in the alleged scheme that occurs because of ignorance, mistake or accident is not a knowing participation.

An act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law. Thus, if SEVERIN

YELAUN acted in good faith, he cannot be guilty of the crime, even if he was mistaken in this belief. The burden of proving good faith does not rest with the defendant. The burden to prove intent, which includes proof that the defendant did not act in good faith, as with all other elements of the crime, rests with the government.

To act with "intent to defraud" means to act willfully and with the specific intent to deceive or cheat for the purpose of either causing some financial loss to another or bringing about some financial gain to oneself. Thus, if SEVERIN YELAUN acted in good faith, he cannot be guilty of the crime, even if he was mistaken in this belief. The burden to prove intent, which includes proof that the defendant did not act in good faith, as with all other elements of the crime, rests with the government.

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what SEVERIN YELAUN knew or intended at a particular time, you may consider any statements made or acts done or omitted by SEVERIN YELAUN and all other facts and circumstances received in evidence that may aid in your determination of SEVERIN YELAUN's knowledge or intent. You may infer, but you certainly are not required to infer, that a person

intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

**Third Element: Healthcare Benefit Program**

The third element the government must prove beyond a reasonable doubt is that the victim of the scheme was a "healthcare benefit program."  The statute provides that "any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, . . . includ[ing] any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract" qualifies as a "health care benefit program."  18 U.S.C. §24(b).  <u>United States v. Lucien</u>, 347 F.3d 45, 50 (2nd Cir. 2003).

**Fourth Element: Delivery of Healthcare Benefits**

The last element requires that the government prove beyond a reasonable doubt that the scheme was executed in connection with the delivery or payment for healthcare benefits, items or services.

3.  <u>Conspiracy 18 U.S.C §371</u>[3]

In Count 42 of the Indictment, SEVERIN YELAUN is accused of conspiring to commit two federal crimes - specifically, the crimes of health care fraud and mail fraud. It is against federal law to conspire with someone to commit these crimes.

For you to find SEVERIN YELAUN guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

*First*, that the agreement which is specified in Count 42 of the Indictment, and not some other agreement or agreements, existed between at least two people to commit health care fraud and mail fraud.

*Second*, that the defendant willfully and with the specific intent to disobey the law joined in that agreement; and

*Third*, that one of the conspirators committed an overt act in an effort to further the purpose of the conspiracy.

**First Element: Existence of a conspiracy**

---

[3] This instruction is in large part taken from the First Circuit Pattern Jury Instructions-Criminal(1998)(West), 4.03 conspiracy, p.54.  The language has been slightly modified to fit the facts of this case.

The first element the government must prove beyond a reasonable doubt is the existence of a conspiracy to commit the crimes of health care fraud and mail fraud.  A conspiracy is an agreement, spoken or unspoken.  The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.  But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding and knowledge about the crimes to be committed.  Mere similarity of conduct among various people, or the fact that they may have associated with each other or worked together or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

**Second Element: Willful participation in the conspiracy with the specific intent to disobey the law**

The second element the government must prove beyond a reasonable doubt is that the defendant participated in the conspiracy willfully, that is, with the intent to disobey the law and commit the crimes of health care fraud and mail fraud.  To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crimes be committed - that is to say, with bad purpose, either to disobey or disregard the law.  Participation in the alleged conspiracy that

-12-

occurs by ignorance, accident or mistake is not willful
participation.  Thus, if SEVERIN YELAUN acted in good faith, he
cannot be guilty of the crime, even if he was mistaken in this
belief. The burden to prove intent, which includes proof that the
defendant did not act in good faith, as with all other elements
of the crime, rests with the government.

The government must prove two types of intent beyond a
reasonable doubt before defendant can be said to have willfully
joined the conspiracy: an intent to agree and an intent, whether
reasonable or not, that the underlying crimes be committed.  Mere
presence at the scene of a crime is not alone enough, but you may
consider it among other factors.  Intent may be inferred from the
surrounding circumstances.

Proof that defendant willfully joined in the agreement must
be based upon evidence of his own words and/or actions.  You need
not find that defendant agreed specifically to or knew about all
the details of the crime, or knew every other co-conspirator or
that he participated in each act of the agreement or played a
major role, but the government must prove beyond a reasonable
doubt that he knew the essential features and general aims of the
venture.  Even if defendant was not part of the agreement at the
very start, he can be found guilty of conspiracy if the

government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

**Third Element: Commission of an overt act**

The third element the government must prove beyond a reasonable doubt is that one of the conspirators committed an overt act.  An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that SEVERIN YELAUN personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy as set out in Count 42 of the Indictment.

4. **Money Laundering Conspiracy** - 18 U.S.C. §1956(h)[4]

In Count 43 of the Indictment, SEVERIN YELAUN is accused of conspiring to commit the crime of money laundering. It is against federal law to conspire with someone to commit this crime.

For you to find SEVERIN YELAUN guilty of conspiracy to commit money laundering, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

*First*, that the agreement specified in Count 43 of the Indictment, and not some other agreement or agreements, existed between at least two people to commit the crime of money laundering; and

*Second*, that the defendant willfully and with the specific intent to disobey the law joined in that agreement to commit the crime of money laundering.

**First Element: Existence of a conspiracy to launder money**

---

[4] The money laundering conspiracy elements are taken from the first two elements of the First Circuit's Model Conspiracy Instruction (See Conspiracy instruction, <u>infra</u>).  The instructions on the elements of money laundering are taken from 5th and 11th Circuit Model Instructions and cases cited in the text of this instruction.

The first element the government must prove beyond a reasonable doubt is the existence of a conspiracy to commit the crime of money laundering.  A conspiracy is an agreement, spoken or unspoken.  The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime of money laundering. Mere similarity of conduct among various people, or the fact that they may have associated with each other or worked together or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy to launder money but you may consider such factors.

For you to be able to determine whether the government has proven beyond a reasonable doubt that the defendant participated in a conspiracy to commit the crime of money laundering, it is necessary for you to understand the elements of the crime of money laundering.  Please remember, however, that the defendant has not been charged with the crime of money laundering.

The offense of money laundering is comprised of four elements:

First, that the defendant knowingly conducted a financial transaction;

Second, that the defendant knew that the transaction involved funds that were the proceeds of health care fraud and mail fraud.

Third, that the funds involved were in fact the proceeds of health care fraud and mail fraud;

Fourth, that the defendant engaged in the financial transaction with the intent to promote the carrying on of health care fraud and mail fraud and[5] knowing that the financial transaction was designed in whole or part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of that specified unlawful activity.

Several of the terms used in the elements of money laundering require further explanation.

To act "knowingly" means to act voluntarily and purposefully, with the realization of what one is doing and what is happening.  An action by a defendant that occurs because of ignorance, mistake or accident did not occur knowingly.

---

[5] Count 43 describes the offense as involving both an intent to promote illegal activity "and" an intent to conceal or disguise the nature and source of the proceeds.

The term "financial transaction" includes any transaction which involves the movement of funds by wire or other means or involving one or more monetary instruments, which in any way or degree affects interstate or foreign commerce, or a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.  The effect on interstate commerce can be minimal.

The term "proceeds" includes any property or any interest in property, that someone acquires or retains as a result of the commission of the underlying specified unlawful activity. "Proceeds are funds obtained from prior, separate criminal activity.  [The money laundering] must be distinct from the underlying offense that generated the money to be laundered." United States v. Savage, 67 F.3d 1435, 1441-42 (9th Cir. 1995).

The term "with the intent to promote the carrying on of specified unlawful activity" means the defendant must have conducted the financial transaction for the purpose of facilitating or making easier or helping to bring about the unlawful activity.

The term "with the intent to conceal or disguise the nature, the location, the source, the ownership, or the control of the

proceeds of the unlawful activity" means that the defendant attempted "to transform ill-gotten funds into apparently innocent assets or funds that can be used later with impunity." United States v. Esterman, 324 F.3d 565, 572 (7th Cir. 2003). "Something more than mere transfer of funds and spending is needed for money laundering." Id. "Simple transactions that can be followed with relative ease" generally are not money laundering because such transactions do not involve an intent to conceal or disguise the proceeds. Id.

The government has alleged that Severin Yelaun conspired with another to commit this crime of money laundering, but not that he committed the crime of money laundering.

**Second Element: Willful participation in the conspiracy with the specific intent to disobey the law**

The second element the government must prove beyond a reasonable doubt is that the defendant participated in the conspiracy willfully, that is, with the intent to disobey the law and commit the crime of money laundering. To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed - that is to say, with bad purpose, either to disobey or disregard the law. Participation in the alleged conspiracy that occurs by ignorance, accident or mistake is not willful participation. Thus, if

-19-

SEVERIN YELAUN acted in good faith, he cannot be guilty of the crime, even if he was mistaken in this belief. The burden to prove intent, which includes proof that the defendant did not act in good faith, as with all other elements of the crime, rests with the government.

The government must prove two types of intent beyond a reasonable doubt before defendant can be said to have willfully joined the conspiracy to commit money laundering: an intent to agree and an intent, whether reasonable or not, that the underlying crime of money laundering be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that defendant willfully joined in the agreement must be based upon evidence of his own words and/or actions. You need not find that defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features of the crime of money laundering and the general aims of the venture. Even if defendant was not part of the agreement at the very start, he can

be found guilty of conspiracy if the government proves that he willfully joined the agreement later.  On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

Proof that SEVERIN YELAUN willfully joined in the agreement must be based upon evidence of his own words and/or actions. You need not find that SEVERIN YELAUN agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. Even if SEVERIN YELAUN was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

**5. <u>Good Faith Defense</u>**[6]

The "good faith" of defendant is a complete defense to the crimes of health care fraud, mail fraud, conspiracy to commit health care fraud and mail fraud, and conspiracy to commit money laundering because good faith on the part of the defendant is, simply, inconsistent with the mental state required to commit these crimes. Good faith is inconsistent with an intent to defraud or an intent to obtain money or property by means of false or fraudulent pretenses or an intent to launder money alleged in these charges.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under these statutes merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgement or an honest error in management does not rise to the level of criminal conduct.

A defendant does not act in "good faith" if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

---

[6] This is the model "Good Faith Defense" instruction from 1A Fed. Jury Prac & Instruction, §19.06(5th ed.).

The law is written to subject to criminal punishment only those people who knowingly and willfully obtain money or property or attempt to obtain money or property by means of false or fraudulent pretense, representation, or promises.

While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

In determining whether or not the government has proven that defendant acted with an intent to obtain money or property by means of false or fraudulent pretenses, representations, or promises or whether the defendant acted in good faith, the jury must consider all of the evidence received in the case bearing on the defendant's state of mind.

The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. The burden to prove intent, which includes proof that the defendant did not act in good faith, rests with the government. It is the government's burden to prove to you, beyond a reasonable doubt, that defendant acted with the intent to obtain money or property by means of false or fraudulent pretense, representations, or promises.

If the evidence in the case leaves the jury with a reasonable doubt as to whether the defendant acted with the required intent or in good faith, the jury must acquit the defendant.

Respectfully submitted,

/S/ Jonathan Shapiro
Jonathan Shapiro
BBO # 454220
Patricia Garin
BBO # 544770
Jeffrey Wiesner
BBO # 655814
Stern Shapiro Weissberg
& Garin, LLP
90 Canal Street, 5th Fl
Boston, MA 02110
(617) 742-5800

Dated: December 14, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 14, 2006

/s/Patricia Garin

Patricia Garin

-24-