UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>  v.                             )<br>)<br>**SEVERIN YELAUN**              )<br>                                ) | Criminal No. 05-10010-NMG |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

The United States of America, by and through its undersigned attorneys, respectfully opposes Defendant's proposed jury instructions. Defendant's proposed jury instructions for mail fraud, health care fraud, and conspiracy unfairly alter the First Circuit Pattern Jury Instructions and are contrary to Supreme Court and First Circuit law.

A.   Alterations to First Circuit Pattern Jury Instructions

The defendant's proposed instructions contain many variations on the First Circuit Pattern Jury Instructions that serve only to make the instructions more favorable to him. For example, as the Pattern Jury Instructions reflect, the mail fraud statute makes it a crime "to devise or intend to devise any scheme or artifice to defraud, **or** for obtaining money or property by false pretenses." The defendant, however, has substituted the word "and" for "or," which is a misstatement of law. The Pattern Jury Instructions were drafted to be fair to both sides and should be followed except where they have been superseded by decisions of the Supreme Court or First Circuit.

B.  <u>Good Faith Instruction</u>

The defendant's proposed instructions include no fewer than five separate "good faith" instructions that are contained in five separate charges.  But the First Circuit has repeatedly discouraged district courts from giving "good faith" instructions because they are needlessly confusing and potentially misleading. In <u>United States v. Dockray</u>, 943 F.2d 152 (1st Cir. 1991), for example, the First Circuit held that "where the court properly instructs the jury on the element of intent to defraud -- essentially the opposite of good faith -- a separate instruction on good faith is not required."  <u>Id.</u> at 155 (citing the seminal case of <u>New England Enterp., Inc. v. United States</u>, 400 F.2d 587, 71 (1st Cir. 1968)).  And just two weeks ago, in <u>United States v. Mueffelman</u>, 2006 WL 3410899, the First Circuit criticized the district court for giving an overbroad good faith instruction. The court wrote, "In <u>Dockray</u>, we held that a good faith instruction is not required.  943 F.2d at 155.  If references to good faith are made in fraud instructions, this must be done with great care.  Here, the trial court's good faith instruction [was] . . . overly favorable to [the defendant]."

There is no reason for a good faith instruction in this case. The Court will instruct the jury that the evidence must prove beyond a reasonable doubt that the defendant's participation in the fraud was knowing and willful.  That is the same thing as saying

2

that the defendant did not act in good faith. To add a separate "good faith" instruction -- let alone the five separate "good faith" instructions the defendant has proposed -- is needlessly confusing. Nor is this a case that justifies making an exception to the rule announced in New England Enterp. and reaffirmed in subsequent cases such as Dockray and Mueffelman. The defendant offered no evidence that he acted in good faith. Although he is of course free to argue in closing that the government has not proved his knowing and willful participation in a fraudulent scheme beyond a reasonable doubt, he has shown no special entitlement to a discouraged and disfavored separate "good faith" instruction.

    C.   Materiality

In Neder v. United States, 527 U.S. 1 (1999), a case decided after the First Circuit Pattern Jury Instructions were drafted, the Supreme Court held that materiality is an element of mail fraud and health care fraud. Id. at 2025. The government therefore agrees that the word "material" should be included in the instructions on the fraud counts and defined. But it should not be underlined, because it is no more or less important than any other element. Furthermore, it should be defined properly.

The First Circuit Pattern Jury Instructions state that "A 'material' fact or matter is one that has a natural tendency to influence or be capable of influencing the decisionmaker to whom it was addressed." The Neder Court, in holding that materiality is an

element of fraud, added two caveats: that "the government does not have to prove actual reliance upon the defendant's misrepresentations" and that "proof of damage . . . has no application to criminal liability" for fraud." See id. at 25 (internal quotation marks and citations omitted). Accordingly, the government proposes the following definition of materiality, which attempts to incorporate the First Circuit Pattern Jury Instruction, the caveats added by Neder, and the defendant's own language designed to adapt the instruction to the facts of this case:

> A 'material' fact or matter is one that has a natural tendency to influence or be capable of influencing the decisionmaker to whom it was addressed.  Here, false or fraudulent pretenses must concern a fact that is material to an insurance company's decision to pay a claim.  The government does not, however, have to prove that an insurance company actually relied on the false or fraudulent pretenses in making a decision about whether to pay a claim.  The government also does not have to prove that insurance company actually paid the claim to which the false or fraudulent pretenses relate.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney


                         By:  /s/ William Weinreb
                              WILLIAM WEINREB
                              GREGG D. SHAPIRO
                              Assistant U.S. Attorneys