UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
UNITED STATES                 )
                              )
        v.                    )
                              )        No. 05CR10010-NMG
SEVERIN YELAUN                )
                              )
_____)


**DEFENDANT SEVERIN YELAUN'S MOTION TO DISMISS**
**COUNT 43 -- THE MONEY LAUNDERING CONSPIRACY CHARGE**

**Introduction**

Defendant Severin Yelaun hereby moves this Court to dismiss
Count 43 of the above indictment charging money laundering
conspiracy.  Defendant argues herein that the government's
evidence proffered in support of the money laundering conspiracy
charge impermissibly broadened the indictment so as to present
the trial jury with a different offense than the grand jury
charged.  Such "broadening [of] the possible bases for conviction
from that which appeared in the indictment" is fatal.  United
States v. Miller, 471 U.S. 130, 138(1985).  This material
variance between the indictment and the government's proof a
trial "caused defendant to be misinformed of the changes against
him [and] otherwise affected his substantial rights." United
States v. Arcadipane, 41 F.3d 1, 7(1st Cir. 1994).

**Statement of Facts**

On January 13, 2005, defendant was indicted for Mail Fraud, 18 U.S.C. § 1341 (Counts 1-37); Wire Fraud, 18 U.S.C. §1343 (Counts 38-40); Health Care Fraud, 18 U.S.C. §1347 (Count 41); Conspiracy to Commit Mail Fraud, Wire Fraud, and Health Care Fraud-18 U.S.C. §371 (Count 42); Conspiracy to Commit Money Laundering,18 U.S.C. §1956(h)(Count43); and Money Laundering,18 U.S.C. §1956(a)(1)(A)(i)(Counts 44-58).

Count 43 of the Indictment, the money laundering conspiracy charge, alleges no specific facts.  It simply alleges a violation of the statute by repeating the statutory language of 18 U.S.C. §1956(a)(1)(A)(I) and (B)(I).  The "financial transactions" at issue are not identified in Count 43.

Counts 44 through 58 of the Indictment charge Igor Moseyev and Severin Yelaun with fifteen counts of money laundering alleged to have occurred during 2000 and 2001 in violation of 18 U.S.C. §1956(a)(1)(A)(I).  The language in the substantive counts tracks the language in the conspiracy count but goes on to identify thirteen Global Tech checks to Symco Medical Billing, Inc. and two Global Tech checks to a CPA as the financial transactions at issue[1].

From January 13, 2005 until the first day of trial, December 4, 2006, defendant and his counsel have understood that the financial transactions at issue in the money laundering

conspiracy count were the financial transactions identified in the substantive counts.  Indeed, the Assistant United States Attorney even explained to defense counsel that he would prove the substantive counts of money laundering through a <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946) type of analysis. (Holding co-conspirator liable for reasonably foreseeable substantive crimes of others in the conspiracy which are both in furtherance of the conspiracy and during the existence of the conspiracy.) Defendant counsel accordingly prepared the case for trial under the belief that the financial transactions at issue in Count 43 were those specified in Counts 44-58.

On the first day of trial, however, the government announced that it was dropping the substantive money laundering charges in Counts 44-58 and that the financial transactions at issue in the money laundering conspiracy count (Count 43) were unidentified Global Tech payments to employees and to defendant.

There are no factual allegations anywhere in the Indictment concerning the use of proceeds from the alleged mail and health care fraud to pay employees or pay defendant.

<u>**Argument**</u>

**THE VARIANCE BETWEEN THE CHARGING TERMS OF THE INDICTMENT AND THE PROOF AT TRIAL IS BOTH MATERIAL <u>AND PREJUDICIAL AND REQUIRES DISMISSAL OF COUNT 43</u>**

The Fifth Amendment guarantees that, "No person shall be held to answer for a capital, or otherwise infamous crime, unless

on presentment or indictment of a Grand Jury." Thus, it follows that "felony charges must be framed by a grand jury and that a defendant may be tried for a felony only on the charges the grand jury approved, as it approved them, and no others." United States v. Leichnam, 948 F.2d 370, 376 (7TH Cir. 1991). A prosecutor may not "change the charging part of an indictment to suit his own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes." Ex parte Bain, 121 U.S. 1, 10 (1887). If an indictment could be so lightly departed from, then "the great importance which the common law attaches to an indictment by a grand jury, as a prerequisite to a prisoner's trial for a crime, and without which the Constitution says 'no person shall be held to answer' may be frittered away until its value is almost destroyed..." Id.

It is settled law that an impermissible variance occurs "when the charging terms [of the indictment] remain unchanged but... the facts proved at trial are different from those alleged in the indictment" United States v. Fisher, 3 F.3d 456, 462 (1st Cir. 1993), "caus[ing] a defendant to be misinformed of the charges against him or otherwise affect[ing] his substantial rights." United States v. Arcadipane, 41 F.3d 1,7 (1st Cir. 1994); United States v. DeCicco, 439, F.3d 36, 42-43 (1st Cir. 1994).

-4-

In United States v. Stirone, 361 U.S. 212 (1960), the defendant was charged with a violation of the Hobbs Act. The indictment charged that interference with interstate commerce occurred during the importation of sand from other states by defendant, a manufacturer of ready-mix concrete. The trial judge permitted the introduction of evidence that interstate commerce was also affected by the shipment of the concrete to be used in the construction of a steel mill which would manufacture products for out-of-state shipment. "Although the trial court did not permit a formal amendment of the indictment, the effect of what it did was the same." Id at 217.

> While there was variance in the sense of a variation between pleading and proof, that variation here destroyed the defendant's substantial right to be tried only on a charges presented in an indictment returned by a grand jury. Deprivation of such a basic right is far too serious to be treated as nothing more than a variance and then dismissed as harmless error. Id.

In this case, the government's proof at trial on the charge of conspiracy to launder money (Count 43) differed materially from the charging terms of the indictment. Both before the grand jury and in the indictment, the government's evidence of the financial transactions at issue in Count 43 consisted of thirteen checks to Symco Medical Billing and two checks to Global Tech's accountant. During the pretrial litigation, these checks, which formed the basis of the substantive money laundering counts

-5-

(Counts 44-58), were presented by the prosecutors as the financial transactions that were at issue in the money laundering conspiracy count.  Indeed, the government went so far as to inform defense counsel that the fifteen financial transactions set forth in Counts 44-58, all negotiated by Igor Moseyev, would be admissible under Unites States v. Pickerton, 328 U.S. 640 (1946), as reasonably foreseeable substantive acts of a co-conspirator in further of the conspiracy to launder money.

When the government dismissed the substantive money laundering counts, and changed the financial transactions at issue in Count 43 to checks to employees, the last minute change was both material and prejudicial.  Defendant "did not have sufficient knowledge of the charge against him in order to prepare an effective defense and avoid surprise at trial." United States v. Tormos-Vega, 959 F.2d 1103, 1115 (1st Cir. 1992), cert. denied, 506 U.S. 866 (1992).  The source of funds used to pay the employees was not investigated, nor did counsel have time to investigate whether the checks actually "promoted" the alleged scheme or were written to conceal the proceeds of the alleged scheme.

Respectfully submitted,

/s/ Jonathan Shapiro
Jonathan Shapiro
BBO # 454220
Patricia Garn
BBO # 544770
Jeffrey Wiesner
BBO # 655814
Stern Shapiro Weissberg
& Garin, LLP
90 Canal Street
Boston, MA 02110
(617) 742-5800


Dated: December 14, 2006

Certificate of Service

I hereby certify that this document(s) filed through the EFT system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 14, 2006/s/ Jonathan Shapiro

G:\SSWG\YELAUN\Pleadings\Motion to Dismiss Count 43.wpd

-7-