United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 05-10010-NMG |
| SEVERIN YELAUN | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**CHARGE TO THE JURY**

December 15, 2006

**MEMBERS OF THE JURY:**

You have heard the evidence and the closing arguments in this case. It is now my duty to instruct you on the law that you must follow and apply. In any jury trial there are, in effect, two judges. I am one of the judges and you, collectively, are the other. It is my duty to preside over the trial and to determine what testimony and evidence are relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case. You, as jurors, are judges of the facts. But in determining what actually happened in this case, that is, in reaching your decision as to the facts, it is your sworn duty to follow the law as I am about to define it for you. When I have finished, you will begin your discussion with each other, what we call jury deliberations.

-1-

To help you understand and remember these instructions on the law, I will divide them into three parts: First, opening general instructions intended to guide you throughout your deliberations; second, instructions about the Indictment and about the law that determines what the government has to prove in this case; and third, some additional general instructions about procedures during your deliberations.

These instructions are somewhat complicated, and I ask you to pay very careful attention. I need to read them because I cannot commit to memory all of the law about which I have to instruct you, but I will submit to you a written copy of this charge when you go to the jury room. I want to caution you right away, however, not to dwell on any one particular portion of it, if you decide to review it at all, because you must consider these instructions as a whole and not just one individual particular instruction. So I ask you to do your best to stay with me.

## PART I

### GENERAL INSTRUCTIONS

All of my instructions are about the law you must apply. I do not mean any of my instructions to be understood by you as a comment by me on the facts or on the evidence in this case.

The defendant is presumed to be innocent by law, and this presumption stays with him throughout the trial and your

-2-

deliberations. The government has the burden of proving beyond a reasonable doubt that the defendant is guilty as charged. It is for you to decide whether, based upon the evidence before you, the government has met its burden with respect to the defendant and each charge. You are the judges of the facts. Although the law allows a trial judge in this Court to comment on evidence, I deliberately do not do so and instead leave the fact-finding entirely in your hands. You are to be the sole and exclusive judges of the facts.

Fortunately, you do not need to resolve every dispute of fact raised by the evidence. In order to know which fact disputes are important, you need to know what rules of law to apply. I have explained some of the rules to you during the course of the trial, and I will explain others to you now. The lawyers were allowed to comment during their arguments on some of these rules of law, but if what they have said about the law differs in any way from my instructions, you must be guided only by the instructions on the law as I state them.

You must follow all of the rules as I explain them to you. A single sentence or statement might not refer to an exception or qualification that I have stated elsewhere in these instructions, so you must consider all these instructions together, as a unit.

Even if you disagree with one or more of the rules of law, or don't understand the reasons for them, you are bound to follow them. This is a fundamental part of our system of government by law rather than by the individual views of the judge or jurors who

-3-

have the responsibility for deciding a case. If I make any mistake in instructing you about the law, fair and even-handed application of the law to this and other cases is nevertheless assured, because any mistake I make on the law can be corrected on appeal. In contrast, your decision on disputed facts is final. That is, your findings on material disputed facts are not subject to appeal. You are the final and exclusive judges of the facts.

Under your oath as jurors, you cannot allow consideration of the punishment which may be imposed upon the defendant, if convicted, to influence your verdict or enter into your deliberations in any way. Your verdict should be based solely upon the evidence, or lack thereof, as to the defendant on trial, Mr. Yelaun. In addition, you cannot allow considerations of sympathy for the defendant or for the government to influence your verdict or enter into your deliberations in any way. It would be improper for you to allow any feelings you might have about the nature of the alleged crimes to interfere with your decision-making process.

You are not to be swayed by bias, prejudice, sympathy or antagonism. Rather, your function is to find the facts fairly and impartially, on the basis of the evidence. The evidence in the case consists of all exhibits received into evidence (including the chart that summarized some of the other exhibits), all facts that may have been admitted or stipulated and all of the sworn testimony of the witnesses. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for

-4-

evidence apart from the stipulation. Statements and arguments of counsel are not evidence in the case. Any evidence ordered stricken by the Court must also be disregarded. Anything you may have seen or heard outside the courtroom is not evidence and you must disregard it entirely. Your verdict must be based solely on the evidence presented in this courtroom and in accordance with my instructions.

Also, from the facts proved, you may draw reasonable inferences about additional facts. An inference is a deduction or conclusion. An inference is an additional finding that your experience, reason and common sense lead you to draw from facts that you find are proved by the evidence.

Two more phrases often used in discussions about evidence received in a trial are "direct evidence" and "circumstantial evidence".

Testimony of a witness showing first-hand observation of a fact by that witness is direct evidence. For example, the testimony of an eyewitness just about what he or she saw is direct evidence. If the witness is permitted to go beyond what he or she saw and is permitted to state a conclusion, or inference, or opinion, that part of the answer is not direct evidence. Instead, it is one kind of circumstantial evidence.

Circumstantial evidence is proof of some facts, including events and circumstances, on the basis of which the jury may infer the existence or nonexistence of additional facts.

-5-

For example, let's suppose that you have been in this courtroom for a few hours and you have not been able to look outside. A man comes into this courtroom wearing a wet raincoat and carrying a dripping umbrella. You may draw the inference from those circumstances that it is raining outside. That is what we call circumstantial evidence as opposed to direct evidence which would be the testimony of the man in the wet raincoat taking the stand and telling you that it is raining outside.

Direct and circumstantial evidence have equal standing in law. That is, with respect to what weight shall be given to evidence before you, the law makes no distinction between direct and circumstantial evidence. No greater degree of certainty is required of circumstantial evidence than of direct evidence. You are to consider all the evidence in the case and give each item of evidence the weight you believe it deserves.

Any inference that you draw from the facts proved must be a reasonable one and not merely conjecture or guesswork. You might decide that you do not have a sufficient basis to decide what inference to draw. It is for you, as judges of the facts, to decide whether the evidence before you is or is not sufficient for you to draw an inference. Ultimately, in drawing inferences, you should use your common sense.

If any reference by the Court or by the lawyers to matters of evidence is different from the way you remember the evidence, let your collective memory control.

-6-

At times during the trial you heard lawyers object to questions asked by another lawyer, and to answers by witnesses. It is a proper function of lawyers to object. In objecting, a lawyer is requesting that I make a decision on a question of law. Do not draw from such objections, or from my rulings on the objections, any inferences about facts. The objections and my rulings related only to legal questions that I had to determine. They should not influence your thinking about the facts.

When I sustained an objection to a question, the witness was not allowed to answer. Do not attempt to guess what the answer might have been. And, if you heard an answer to the question before my ruling, you are to disregard it. In your deliberations, do not consider or talk about any question to which I sustained an objection or any answer or other statement that I excluded, or struck, or told you not to consider.

Also, during the course of the trial I may have made comments to the lawyers, or spoken to a witness concerning the manner of his or her testifying. Do not assume from anything that I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

## Note Taking

At the beginning of the trial, I instructed you about taking notes. I remind you that notes taken by any juror are not evidence in the case and must not take precedence over your independent

recollection of the evidence received in the case. Notes are only
an aid to recollection and are not entitled to any greater weight
than actual recollection or the impression of each juror as to what
the evidence actually is.

## Defendant's Constitutional Right Not to Testify

Every defendant has a constitutional right not to testify and
a right not to produce any evidence at all. No inference of guilt,
or of anything else, may be drawn from the fact that a defendant
did not testify. In this case, the defendant has chosen to
exercise his right not to testify. It would be improper and unfair
for you to speculate as to the reason or reasons why they may have
so chosen. You must not infer anything whatsoever from the
defendant's decision not to testify and I specifically instruct you
that during your deliberations you may not discuss this fact in any
manner whatsoever.

## Credibility

An important part of your job as jurors will be deciding
whether or to what extent you believe what each witness had to say,
and how important that testimony was. You are the sole judges of
the credibility of each witness. In deciding whether to believe a
witness or how much weight to give a witness's testimony, you may
consider anything that reasonably helps you to assess that
testimony. The following are the kinds of questions you may want
to consider in evaluating a witness's credibility. Did the person
seem honest? Did he have some reason not to tell the truth? Did
the witness have an interest in the outcome of the case? Did he

-8-

gain any personal advantage by testifying in this case? Did the witness seem to have a good memory? Did the witness's testimony differ from his earlier testimony or from the testimony of other witnesses? Was the witness's testimony different on cross and direct examination? What was the witness's manner while testifying? These are some, but, of course, not all, of the kinds of things that will help you decide how much weight to give to what each witness said.

You may also consider any demonstrated bias, prejudice or hostility of a witness in deciding what weight to give to the testimony of that witness.

The mere number of witnesses or exhibits or the length of the testimony has no bearing on what weight you give to evidence, or on whether you find that the burden of proof has been met. Weight does not mean the amount of the evidence. Weight means your judgment about the credibility and importance of the evidence.

You may consider inconsistencies or differences as you weigh evidence, but you do not have to discredit testimony merely because an inconsistency or difference exists. Two or more witnesses may see or hear things differently. Innocent misrecollection, like failure of recollection, is a common experience. In weighing the effect of any inconsistency or difference, consider whether it concerns a matter of importance or an unimportant detail, and whether it results from innocent error or intentional falsehood.

On the other hand, you are not required to accept testimony merely because it is uncontradicted. You may decide, because of

-9-

the witness's bearing and demeanor, or because of inherent improbability, or for whatever reason, that a witness's testimony is not worthy of belief. You may accept all of a witness's testimony or you may reject all of it, or you may accept part and reject another part.

## Cooperating Witness Testimony

The testimony of witnesses who testified pursuant to a plea and/or cooperation agreement with the government must be examined and considered with greater care and caution than the testimony of an ordinary witness. You should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine the testimony with greater care and caution. You may consider whether the testimony was affected by interest or prejudice, personal gain, an expectation of personal gain, or an expectation of favorable sentencing recommendations by the government.

In addition, the fact that one or more of the witnesses has pled guilty to an offense is not evidence that the defendant in this case is guilty and it cannot be considered by you, in any way, as evidence against the defendant.

## Tapes and Transcripts

During the course of the trial you heard an audiotape of a conversation that was recorded. Because the conversation was

-10-

conducted in Russian, the government provided a transcript with English translation for you to read as the tapes were played. That transcript was entered as an exhibit and is proper evidence for you to consider.

## Witness Identification

In appraising the testimony of a witness identifying a person as the defendant, you should consider the following factors: the capacity and opportunity of the identifying witness to observe or hear the voice of the person, the duration of the observation, the frequency of conversing with the person, the distance between the witness and the person, whether the witness had seen the person or heard his voice in the past, and any other circumstantial evidence by which the person could be identified as the defendant beyond a reasonable doubt.

## Burden of Proof

This is a criminal case in which the United States has charged the defendant with committing multiple crimes. The defendant in a criminal case is presumed to be innocent. This presumption is a fundamental part of our legal system and remains with a defendant throughout all stages of the trial and during your deliberations. It is not overcome unless, from all of the evidence in the case, you are unanimously convinced, beyond a reasonable doubt, that the defendant is guilty of a particular charge.

The fact that the defendant has been charged with a crime is not in any sense evidence against the defendant. An indictment is

-11-

merely a formal way to bring a defendant before the court and to inform a defendant of the charges. It is not evidence.

There is never any burden on a defendant in a criminal case. The law does not require a defendant to prove their innocence or to produce any evidence at all. The burden of proof is on the government throughout the case and with respect to the defendant and each crime charged. It never shifts to the defendant. If the United States fails to meet its burden of proof beyond a reasonable doubt as to a particular crime, then you must acquit the defendant on that charge. However, if the United States meets its burden of proof beyond a reasonable doubt, then you have a similar responsibility to find the defendant guilty on that count.

As I have said, the burden is upon the government to prove, beyond a reasonable doubt, that the defendant is guilty of the charges against him. This is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

It is not sufficient for the government to establish a probability, even if a strong one, that a fact charged is more

likely to be true than not true. That is not enough to meet the burden of proof beyond a reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases, the law does not require proof that overcomes every conceivable doubt.

I instruct you that what the government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a particular charge against the defendant, you will return a verdict of guilty on that charge against the defendant. If, on the other hand, you think there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must give the defendant the benefit of the doubt and find the defendant not guilty of that offense. A defendant, of course, may never be convicted on suspicion or conjecture.

## PART II

Now I turn to the Indictment and the statutes on which it is based. The Indictment charges the defendant, Severin Yelaun, with violating federal criminal law. Specifically, Counts 1 through 4, 8 through 14, 17, 21, 23 through 28, 30 through 34, 36 and 37 charge Mr. Yelaun with committing mail fraud. Count 41 charges him with health care fraud. Count 42 charges him with conspiracy to

commit mail fraud and health care fraud. And finally, Count 43 charges him with money laundering conspiracy. You must, as a matter of law, consider each count of the Indictment and the defendant's involvement in that count separately, and you must return a separate verdict for each count in which the defendant is charged.

Mr. Yelaun has pled not guilty to all of those charges, and the government, therefore, must prove, beyond a reasonable doubt, all of the elements that are a part of each offense charged against the defendant in the Indictment. In other words, you must consider the facts and apply the law as I describe it to you *separately* for each Count as to the defendant. Your verdict as to any one count against the defendant should not affect your verdict as to any other count.

I remind you that an indictment is not evidence of any kind against the defendant. It is simply the formal method that our Constitution provides for charging someone with the commission of a crime. I will send a copy of the Indictment to the jury room with you to aid you in your deliberations.

You will notice that there are deletions and redactions from the indictment and some of the counts do not run in sequence. That is because some of the content of the indictment is unnecessary for your consideration and some of the counts have been dismissed by stipulation so do not be concerned about any apparent gaps.

-14-

You will note that the Indictment charges that each offense was committed "on or about" a certain date rather than "on" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

In several places, the Indictment uses the word "and" to join allegations against the defendant. Although the Indictment charges in the conjunctive, "and", the government needs only to prove in the disjunctive, "or." The government need not prove both alternatives wherever multiple allegations are joined by the word "and."

The word "knowingly", which will be used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident. If the defendant acted in good faith, for example, that is a defense to the charge that he acted in a knowingly criminal manner. Direct proof of knowledge is almost never available. The ultimate facts of knowledge and intent, though subjective, may be established by circumstantial evidence, based upon a person's outward conduct, his words, acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

I will now explain the several specific charges against the defendant. In this case, I will submit specific questions to you

-15-

in a Verdict Form.  First, I will summarize each claim and explain
how to apply the law to that claim.  At this time, my deputy clerk
will distribute copies of the Verdict Form that you will have in
the jury room and that I will refer to during the remainder of my
instructions.

## [Distribute Verdict Forms and Read Question 1]

### Mail Fraud
### [18 U.S.C. § 1341]

Counts 1 through 4, 8 through 14, 17, 21, 23 through 28, 30
through 34, 36 and 37 of the Indictment charge Severin Yelaun with
violating the federal law that makes mail fraud illegal.

For you to find Mr. Yelaun guilty of mail fraud on each of the
counts, you must be convinced that the government has proven beyond
a reasonable doubt the following four elements separately for each
of the counts charged:

First, that there was a scheme, substantially as charged in
the indictment, to obtain money or property by means of material
false or fraudulent pretenses;

Second, that the scheme to obtain money or property by means
of false or fraudulent pretenses involved a false statement,
assertion, half-truth or knowing concealment concerning a material
fact or matter;

Third, that Mr. Yelaun knowingly and willfully participated in
this scheme with the intent to defraud; and

-16-

Fourth, that the United States mail was used, on or about the date alleged, in furtherance of that scheme.

A scheme includes any plan, pattern or course of action. It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme or that the alleged scheme actually succeeded in defrauding anyone.   But the government must prove beyond a reasonable doubt that the scheme was substantially as charged in the indictment.

The term "defraud" means to deceive another in order to obtain money or property.  The term "false or fraudulent pretenses" means any false statements or assertions that were either known to be untrue when made or were made with reckless indifference to their truth and that were made with the intent to defraud.   The term includes actual, direct false statements as well as half-truths and the knowing concealment of a material fact.

A "material" fact or matter is one that has a natural tendency to influence or be capable of influencing the decisionmaking to whom it was addressed.

As I described earlier, Mr. Yelaun acted "knowingly" if he was conscious and aware of his actions, realized what he was doing and did not act because of ignorance, mistake or accident.

An act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with specific intent to fail to do something the law

-17-

requires to be done; that is to say, with bad purpose either to disobey or to disregard the law. Thus, if Mr. Yelaun acted in good faith, he cannot be guilty of the crime. The burden of proving good faith does not rest with the defendant. The burden to prove intent, as with all other elements of the crime, rests with the government.

To act with the intent to defraud means to act knowingly and with the intent to deceive someone for the purpose of causing some financial loss to another or bringing some financial gain to oneself or another to the detriment of a third party.

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what Mr. Yelaun knew or intended at a particular time, you may consider any statements made or acts done or omitted by him and all other facts and circumstances received in evidence that may aid in your determination of his knowledge or intent. You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

The mailing does not itself have to be essential to the scheme, but it must have been made to carry it out. There is no requirement of proving that Mr. Yelaun himself was responsible for the mailing, that the mailing itself was fraudulent or that the use

-18-

of the mail was intended as the specific or exclusive means of accomplishing the alleged fraud. But the government must prove beyond a reasonable doubt that Mr. Yelaun knew, or could reasonably have foreseen, that use of the mail would follow in the course of the scheme.

**[Read Question 2]**

## Health Care Fraud
### [18 U.S.C. § 1347]

Count 41 of the indictment charges Mr. Yelaun with violating the federal law that makes health care fraud illegal. For Mr. Yelaun to be convicted of this crime, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

First, that Mr. Yelaun knowingly and willfully devised a scheme to obtain money from a health care benefit program in connection with the delivery of or payment for health care benefits, items or services;

Second, that Mr. Yelaun executed such a scheme by means of materially false representations; and

Third, Mr. Yelaun acted with an intent to defraud.

Again, Mr. Yelaun acted "knowingly" if he was conscious and aware of his actions, realized what he was doing and did not act because of ignorance, mistake or accident. An act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with

-19-

specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law. Thus, if Mr. Yelaun acted in good faith, he cannot be guilty of the crime. The burden of proving good faith does not rest with the defendant. The burden to prove intent, as with all other elements of the crime, rests with the government.

A health care benefit program is any public or private plan or contract under which any medical benefit, item or service is provided to someone. A health care benefit program includes automobile insurance that covers the cost of medical benefits, items or services.

And, just as I described before, a false representation is "material" if it is one that has a natural tendency to influence, or be capable of influencing, the decisionmaker to whom it was addressed.

Also, as I said before, to act with the intent to defraud means to act knowingly and with the intent to deceive someone for the purpose of causing some financial loss to another or bringing some financial gain to oneself or another to the detriment of a third party. The burden of proving intent, as with all other elements of the crime, rests with the government. Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what Mr. Yelaun knew or intended at a particular time, you may consider any statements made or acts done or omitted by Mr.

-20-

Yelaun and all other facts and circumstances received in evidence
that may aid in your determination of his knowledge or intent. You
may infer, but you certainly are not required to infer, that a
person intends the natural and probable consequences of acts
knowingly done or knowingly omitted. It is entirely up to you,
however, to decide what facts are proven by the evidence received
during this trial.

### [Read Question 3]

### Conspiracy to Commit Mail Fraud and Health Care Fraud
### [18 U.S.C. § 371]

Count 42 of the indictment charges Mr. Yelaun with conspiring
to commit a federal crime, namely the crimes of mail fraud and/or
health care fraud. The crime of conspiracy to commit mail fraud
and/or health care fraud is independent from the crimes of actually
committing mail fraud or health care fraud. The crime of
conspiracy to commit mail fraud and/or health care fraud is
complete upon the making of an agreement to commit the fraud. It
is against federal law to conspire with someone to commit either of
those crimes.

For you to find the defendant, Mr. Yelaun, guilty of
conspiracy, you must be convinced that the government has proven
each of the following three elements, beyond a reasonable doubt,
against the defendant:

First, that the agreement specified in the Indictment, and not
some other agreement or agreements, existed between at least two
people to commit mail fraud and/or health care fraud; and

Second, that the defendant, Mr. Yelaun, willfully joined in the agreement.

In addition, with respect to the conspiracy charged in Count 42, but not with respect to the money laundering conspiracy charged in Count 43 that I will address momentarily, the government must prove a third element, namely,

Third, that one of the conspirators committed an overt act during the period of the conspiracy in an effort to further the purpose of the conspiracy.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. It does not even have to be a successful plan. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, mere presence at the scene, the fact of close association among various people, or the discussion of common aims and interests, does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed -- that is to say, with bad purpose, either to disobey or disregard the law -- not to act by ignorance, accident or mistake. The government must prove two kinds of intent beyond a reasonable doubt

-22-

before Mr. Yelaun can be said to have willfully joined the conspiracy: an intent to agree to conspire and an intent, whether reasonable or not, that one or both of the underlying crimes be committed. Mere presence at the scene of a crime is not alone enough, although you may consider it among other factors. Intent may be inferred from a person's actions, from what that person says or does, and from the surrounding circumstances. Mere knowledge or approval of or acquiescence in the object or purpose of a conspiracy, without an agreement to cooperate in achieving such object or purpose, does not make one a party to a conspiracy.

Proof that the defendant, Mr. Yelaun, willfully joined in the agreement must be based upon evidence of his own words and/or actions. You need not find that the defendant agreed specifically to, or knew about, all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove, beyond a reasonable doubt, that the defendant knew the essential features and general aims of the venture. Even if the defendant, Mr. Yelaun, was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves, beyond a reasonable doubt, that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

-23-

The government does not have to prove that the conspiracy succeeded or was achieved. The fact that the object of the conspiracy was thwarted by law enforcement does not matter. The crime of conspiracy is complete upon the agreement to commit the crimes of mail fraud and/or health care fraud.

In deliberating on the conspiracy charges, you must first determine whether the government has proved, beyond a reasonable doubt, the existence of a conspiracy as charged in Count 42 of the Indictment. If you find that the proof fails to establish such a conspiracy, you may not find Mr. Yelaun guilty of conspiracy and you must return a verdict of "Not Guilty" as to the conspiracy charge. If you decide that such a conspiracy did exist, then you must determine whether the defendant was a member.

As I mentioned, for the conspiracy charged in Count 42, but not for the money laundering conspiracy charged in Count 43, the government must also prove an overt act. An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. The government is not required to prove that the defendant personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.

With regard to the conspiracy charge, Count 42 charges that the conspiracy had two objects: (1) to commit mail fraud, and (2) to commit health care fraud. To convict the defendant of

-24-

conspiracy, the jurors must unanimously agree that the defendant conspired to commit at least one of the offenses alleged.  I instruct you that your verdict must be unanimous as to which object of the conspiracy, if any, you find the defendant guilty.  It is not necessary for the government to prove that the defendant conspired to commit both offenses charged as the objects of the conspiracy.

**[Read Question 4]**

## Money Laundering Conspiracy
### [18 U.S.C. § 1956(h)]

Count 43 of the indictment charges Mr. Yelaun with conspiring to commit the federal crime of money laundering.  The crime of conspiracy to commit money laundering is independent from the crime of actually committing money laundering.  The crime of conspiracy to commit money laundering is complete upon the making of an agreement.  It is against federal law to conspire with someone to commit that crime.

Similar to my earlier instruction, for you to find the defendant, Mr. Yelaun, guilty of conspiracy to commit money laundering, you must be convinced that the government has proven each of the following two elements, beyond a reasonable doubt, against the defendant:

First, that the agreement specified in the Indictment, and not some other agreement or agreements, existed between at least two people to commit money laundering; and

-25-

Second, that the defendant, Mr. Yelaun, willfully joined in that agreement.

Except for the government's requirement to prove an overt act, all of the other elements of a conspiracy that I just told you about with respect to the charge of conspiracy to commit mail fraud and/or health care fraud apply, with equal force, to the charge against the defendant of conspiracy to commit money laundering. However, in order for you to determine whether the defendant is not guilty or guilty of the latter kind of conspiracy, I need to instruct you on the elements of money laundering.

To prove the crime of money laundering, the government must prove the following four elements beyond a reasonable doubt:

First, that Mr. Yelaun entered into a financial transaction or transactions, on or about the date alleged, with a financial institution engaged in interstate commerce;

Second, that the transaction involved the use of proceeds of unlawful activities;

Third, that Mr. Yelaun knew that those proceeds were from specified unlawful activities, namely, mail fraud and/or health care fraud; and

Fourth, that Mr. Yelaun entered into the transaction or transactions with the intent to promote the carrying on of health care fraud and/or mail fraud.

A financial transaction is a transaction involving a monetary instrument that affects interstate commerce. Monetary instruments

include personal checks and business checks. For example, a withdrawal, deposit or transfer of funds from a bank is a financial transaction.

"Proceeds" means any property, or interest in property, that someone acquires or retains as a result of the commission of the unlawful activity. "Promote" means to further, to help carry out, or to make easier.

As I said earlier, knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what Mr. Yelaun knew or intended at a particular time, you may consider any statements made or acts done or omitted by him and all other facts and circumstances received in evidence that may aid in your determination of his knowledge or intent. You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

In deliberating on the charge of conspiracy to commit money laundering, you must first determine whether the government has proved, beyond a reasonable doubt, the existence of a conspiracy as charged in Count 43 of the Indictment. If you find that the proof fails to establish such a conspiracy, you may not find Mr. Yelaun guilty of conspiracy to commit money laundering and you must return a verdict of "Not Guilty" as to that conspiracy charge. If you decide that such a conspiracy did exist, then you must determine

-27-

whether the defendant was a member. If you find that the defendant was a member of the conspiracy to commit money laundering, you must return a verdict of "Guilty" as to that conspiracy charge with respect to the defendant.

## PART III

### Procedures During Deliberations

When you go to the jury room to begin considering the evidence in this case, the forewoman, Ms. Sheetoo, will assure that every juror is present during all of your deliberations and that all jurors, the forewoman included, will have equal and full opportunity to participate in the deliberations. Once you are in the jury room, if you need to communicate with me, the forewoman will send a written message to me. If you do send a written message to me, I will discuss it with the lawyers for both sides before responding to you, so please continue your deliberations to the extent you are able during the time it takes for me to respond to your question. Do not stop your deliberations while you wait for a response. And do not tell me how you stand, either numerically or otherwise, on any issue before you, until after you have reached a verdict.

On matters touching simply on the arrangements for your meals, schedule and convenience, you are free to communicate with the marshal orally rather than in writing. You are not to communicate with anyone other than me about the case, however, and then only in writing.

-28-

I have read to you what is called a verdict form. A verdict form is simply the written notice of the decision that you reach. You will have the original and copies of this form in the jury room and, when you have reached your verdict, you will have your forewoman fill in, date, and sign the original to state the verdict upon which you agree. You will then report, in writing to the marshal, that you have reached a verdict after which you will be invited to return with your verdict to the courtroom. Your verdict of not guilty or guilty on each count that you consider must represent the individual verdict of each juror as to whether or not each element of the charges against a particular defendant in that count is proved beyond a reasonable doubt. Your verdict on each count that you consider must be unanimous.

It is my practice, absent special circumstances, to allow a jury to recess before dinner and begin deliberation again in the morning of the next regular court day.

It is not yet time for you to start deliberating. I will have a sidebar conference with counsel and you can be at ease for a few minutes. I will then have some brief final instructions to give you before you retire to deliberate.

### [SIDEBAR]

### [Separate Alternate Juror: Seat # 13] Wootten

Members of the jury, it is now time for the case to be submitted to you. You may commence your deliberations. All of you who are the jury must be together at all times when you are deliberating. Whenever you need a recess for any purpose, your

-29-

forewoman, Ms. Sheetoo, may declare a recess. Do not discuss the case during a recess in your deliberations. All your discussion of the case should occur only when you are all together and your forewoman has indicated that deliberations may proceed. This should be your procedure so that everyone in the jury will have equal opportunity to participate and to hear all of what other members of the jury have to say.

You may go to the jury room and may commence your deliberations.