UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.    ) | Criminal No. 05-10010-NMG |
| ) | |
| ) | |
| **SEVERIN YELAUN,**    ) | |
| **Defendant**    ) | |

## MOTION FOR DETENTION PENDING SENTENCING

The United States of America, by and through its undersigned counsel, hereby moves the Court to detain Severin Yelaun pending sentencing, as required by 18 U.S.C. § 3143(a)(1). In the alternative, if defendant can prove by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(c), the government hereby moves the Court to set appropriate conditions of release under 18 U.S.C. § 3142(c). As grounds for this motion, the government states the following:

1.   On January 15, 2006, following a two-week trial, Yelaun was convicted by a jury of 26 counts of mail fraud, one count of health care fraud, one count of conspiracy, and one count of conspiracy to launder money. Yelaun faces a maximum sentence of 20 years' imprisonment on each count (except for the conspiracy count) and a likely sentencing guidelines range of at least 37-41 months' imprisonment (and quite possibly more).

2. Title 18, United States Code, Section 3143(a) provides in relevant part:

> [T]he judicial officer **shall order** that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community. (Emphasis added.)

The language of the statute ("shall order") is mandatory. It requires detention pending sentencing unless **the defendant** can meet the heavy burden of showing by clear and convincing evidence that his is neither a danger nor a risk of flight. See United States v. Jessup, 757 F.2d 378, 382 (1st Cir. 1985) ("Section 3143 creates a presumption that a defendant who has been convicted of a crime may not be released pending his appeal or sentencing unless he shows by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community.")

3. According to the Pretrial Services Agency, Yelaun has no wife, no children, no home, no job, and no assets. He lives with his parents in Framingham but appears to have no other ties to Massachusetts. Although he is an American citizen, he was born in the Ukraine and speaks Russian as his first language, making flight to that country at least a possibility. There appears to be nothing to deter him from fleeing Massachusetts (and near-certain prison time) and attempting to make a fresh

start elsewhere.

    4.  Yelaun should be detained pending sentencing as required by law.  The mere fact that he has not fled up until this point and has complied with minimal release conditions is not clear and convincing evidence that he is not a flight risk.  Now that Yelaun has been found guilty of 30 serious felonies his situation has changed dramatically for the worse, and the closer he comes to his sentencing date the greater the incentive he will have to flee.  Detention will ensure that Yelaun actually serves his sentence and it will not prejudice him since he will begin earning credit towards that sentence as soon as he is detained.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                    United States Attorney

                            By:   /s/ William Weinreb
                                    WILLIAM D. WEINREB
                                    GREGG D. SHAPIRO
                                    Assistant U.S. Attorney

Dated: January 19, 2006