United States District Court
District of Massachusetts

```
                                     )
                                     )
UNITED STATES OF AMERICA,            )
                                     )
                                     )   Criminal Action No.
            v.                       )   05-10010-NMG
                                     )
                                     )
SEVERIN YELAUN,                      )
            Defendant.               )
                                     )
                                     )
                                     )
```

ORDER

GORTON, J.

On December 15, 2006, following a two-week trial, the defendant, Severin Yelaun ("Yelaun") was convicted by a jury of 26 counts of mail fraud, one count of health care fraud, one count of conspiracy to commit mail fraud and health care fraud, and one count of conspiracy to launder money. The government has filed a motion to detain Yelaun pending sentencing pursuant to 18 U.S.C. § 3143(a)(1), or alternatively, to set appropriate conditions for release pursuant to 18 U.S.C. § 3142(c).

For post-conviction detention, the statute places the burden on the convicted defendant to provide evidence that he is neither a danger to the community nor a risk of flight:

> [T]he judicial officer shall order that a person who has
> been found guilty of an offense and who is awaiting
> imposition or execution of sentence ... be detained, unless
> the judicial officer finds by clear and convincing evidence
> that the person is not likely to flee or pose a danger to
> any other person or the community.

18 U.S.C. § 3143(a)(1). The government contends that Yelaun's familial, financial and other personal circumstances provide no assurance against the risk of flight.

Yelaun, a United States citizen, responds that he has not returned to Russia since emigrating in 1991 and has no passport. While he has no wife, children or job, he resides with his parents and is currently engaged to a student at Brandeis University. Furthermore, Pretrial Services has informed the Court that Yelaun has complied with the conditions of release since his pretrial supervision began approximately two years ago.

The Court finds that Yelaun has met his statutory burden with respect to post-conviction detention. Given the facts of this particular case, however, his pretrial release conditions will be modified pursuant to 18 U.S.C. § 3142 (c).

In addition to having to comply with all existing pretrial conditions, Yelaun will be confined to home detention with electronic monitoring at his parents' residence subject to such standard exceptions as medical appointments, court appearances, etc., as may be pre-approved by Pretrial Services. Yelaun shall not obtain a passport and if he is in the possession of one, it will be surrendered.

It should also be noted that time in home detention with electronic monitoring will not earn credit toward any sentence of imprisonment.

Pretrial Services will initiate contact with Yelaun immediately and he shall report to Pretrial Services in Boston (United States Courthouse, One Courthouse Way, Suite 1300) on Wednesday, January 3, 2007 at 9:00 a.m. for installation of electronic monitoring and further instructions commensurate with this order.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: December 29, 2006